■ NORMAN GARNER, Appellant, v EMANUEL POPOLIZIO, as

Chairman of the New York City Housing Authority, et al., Respondents.—Order and Judgment (one paper), Supreme Court, New York County (David Edwards, Jr., J.), entered May 25, 1990, which denied and dismissed the petition brought pursuant to CPLR article 78 seeking to annul the respondents' determination, denied respondents' application for costs and attorneys' fees, and severed and set down for an assessment respondents' application for judgment in the amount of $8,658, unanimously modified, on the law, the petition granted to the extent of remanding the matter to respondents for a hearing on the termination of petitioner's tenancy and his request to remain on the premises as a remaining family member, and otherwise affirmed, without costs and without disbursements.

Cora Garner, petitioner's mother, was the tenant of record of apartment 3-A at East River Houses, 410 East 105th Street in Manhattan, a federally subsidized low-income housing project owned and operated by the respondent Housing Authority. Petitioner allegedly moved into the premises in 1985, without formal notice to, or the permission of, the Housing Authority. On April 10, 1987, Cora Garner died. Six months later, petitioner falsely submitted an Occupant's Affidavit of Income to the Housing Authority listing Cora Garner as the sole occupant of the apartment, over Cora Garner's forged signature.

The Housing Authority "discovered" petitioner's occupancy of the apartment in 1988, and on July 20, 1988, petitioner was requested to vacate the premises. On August 22, 1988, petitioner requested a hearing as to his entitlement to remain in the apartment as a "remaining member of a tenant family" under federal law. (42 USC § 1437a [b] [3] [C]; 24 CFR 912.2.) The Housing Authority's implementing regulations provided, as is here pertinent, that claimants contending to be eligible remaining family members who had not taken up residence with the knowledge and approval of the Housing Authority could nevertheless file "a grievance, the results of which may entitle the claimant to a lease * * * if (1) the claimant can make a 'reasonable showing' that (s)he is in the apartment with the knowledge or permission of the Authority." (New York City Housing Authority Management Manual [Manual] ch VII [E] [1] [b] [1].) Specifically, petitioner claims he is an eligible remaining family member based upon his participation in project activities, "to the point where the community accepts this individual as a resident" (Manual ch VII [E] [1] [b] [1]).

The Housing Authority rejected petitioner's request for a

grievance without a hearing, purportedly on the ground that petitioner would be unable to make a "reasonable showing" that he was in the apartment with the knowledge of the Housing Authority, since he had concealed his occupancy from the Housing Authority by submitting false documents. The two sentence decision, however, in the form of a letter from Assistant Manager Hartman, simply stated that petitioner "failed to make a claim" and was thus not entitled to a hearing.

We find that it was error to deny petitioner a hearing on his claim, and remand to the administrative agency for that purpose. We do not believe that any fraud or irregularity committed some months after the death of the tenant of record necessarily precludes a finding, within the meaning of the Housing Authority's rules, that petitioner was "known" as a resident of the premises by participation in project activities. If established, the fact that petitioner may have misrepresented his status and that of his deceased mother is, at most, only one factor to be considered in determining whether petitioner qualified as a remaining family member. We refrain from making any findings in this regard, as we believe that the proper course is for the agency to render a determination after affording petitioner a reasonable opportunity to be heard.

[The unpublished order of this Court entered on March 14, 1991 is recalled and vacated.] Concur—Carro, J. P., Ellerin, Ross, Asch and Kassal, JJ.