■ In the Matter of LOUIS EVANS, Respondent, v RUBEN FRANCO, as Chair of the New York City Housing Authority, Appellant. [668 NYS2d 26] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered July 29, 1996, directing the New York City Housing Authority (NYCHA) to reinstate petitioner-respondent's Section 8 rent subsidy as of December 11, 1995, unanimously reversed, on the law, without costs, the petition for a writ of mandamus denied, and the matter remanded to respondent agency for a hearing to determine petitioner's eligibility for Section 8 benefits.

For over 20 years, petitioner Louis Evans (Evans) and Es-

ther Silver (Silver), the deceased tenant of record, lived together in Apartment 2C at 1305 East 18th Street in Brooklyn. Though not formally married, they allegedly had an equivalent intimate long-term relationship, held themselves out as a couple and shared expenses. Evans assisted Silver in performing the activities of daily life, with which she had difficulty due to various physical disabilities. He allegedly cared for her throughout her final illness, until her death in March 1995.

In 1978, Silver applied for a Section 8 rent subsidy as a single person and was found eligible. The Section 8 Tenant-Based Assistance Program was established by Federal law under 42 USC § 1437f, and provides Federal rent subsidies to lower-income families to enable them to obtain decent, safe and sanitary housing in the City of New York's private housing sector. NYCHA administers the Section 8 program for the United States Department of Housing and Urban Development (HUD) in the City of New York (see, 24 CFR 982.151).

NYCHA is authorized to receive applications for housing assistance from eligible persons, approve the applications and issue a "Certificate of Family Participation" or "Voucher" to an approved applicant. The certificate enables the holder to seek rental housing with rental maximums and specified housing quality standards (24 CFR 982.302).

Once an applicant receives a certificate, the applicant bears the responsibility of locating a suitable rental unit in the private sector. The proposed lease between the applicant and the private landlord is reviewed by NYCHA, and if the rental rate and the other aspects of the landlord-tenant relationship are in compliance with Federal regulations, NYCHA enters into a "Housing Assistance Payments Contract" with the landlord and agrees to subsidize the rent in an amount based on the applicant's income (24 CFR 982.305). Thus, the Section 8 Tenant-Based Assistance Program funnels assistance through NYCHA, and NYCHA contracts with private landlords to make rent subsidy payments so long as the tenant family remains eligible and the apartment remains in satisfactory condition.

A "family member" who has lived with a subsidized tenant for a significant period of time is entitled to succeed to the deceased tenant's Section 8 subsidy (if otherwise eligible) instead of starting as a new applicant at the bottom of the several-year waiting list for Section 8 payments. HUD regulations define "family member" for Section 8 eligibility purposes as, inter alia, the "remaining member of a tenant family" (24 CFR 5.403 [b]).

Federal law and the implementing regulations promulgated by HUD require NYCHA to periodically examine the income and family composition of the participant families. The participant is also required to supply such information as NYCHA determines necessary, including "submissions required for an annual or interim reexamination of family income and composition" (24 CFR 882.118 [a] [1]).

However, Silver never listed Evans as an additional family member or household resident on any of the forms she submitted to NYCHA. No additional family members are listed on any of the annual affidavits of income and household composition submitted to NYCHA between 1980 and 1994, despite the fact that Evans lived with her and contributed some income. Her Certificate of Family Participation for the Section 8 program also states that the subsidy covers a one-person family. Furthermore, Silver periodically filled out Federal Privacy Act Statements, which are forms used by NYCHA to supply data to HUD on the family composition of Section 8 households. On these forms as well, she indicated that she had no spouse.

Due to Silver's death in March 1995, NYCHA terminated the Section 8 rent subsidy in June 1995. Since Silver was receiving assistance under a tenant-based program rather than a project-based program, Evans's loss of Section 8 benefits did not affect his legal right to remain in the apartment. However, Evans contends that, for all practical purposes, loss of the subsidy may soon render him homeless, as he is 64 years old and disabled and his rent now represents 46% of his income.

Around February 1996, Evans commenced the instant CPLR article 78 proceeding for a writ of mandamus compelling NYCHA to reinstate his Section 8 subsidy, on the grounds that he was entitled to succession rights as Silver's remaining family member. NYCHA opposed the petition on the grounds that petitioner could not claim entitlement to the continuation of a Section 8 Tenant-Based Assistance Program subsidy unless he was a member of the tenant family whose income and family composition were approved by NYCHA in its annual reexamination of eligibility. According to NYCHA, since Silver never requested permission for petitioner to join her household or listed him as a member of her household on affidavits of income she was required to file, petitioner is not a "remaining family member."

The IAS Court granted Evans's petition. Relying on *Braschi v Stahl Assocs. Co.* (74 NY2d 201, 211), it reasoned that "Evans' long-term quasi-marital commitment to Silver" sufficed to establish a family relationship even in the absence of formal

legal documentation. In addition, it held that failure to list the alleged family member on Section 8 certification forms, while relevant, should not be dispositive. Rather, such failure is only one factor to be considered in determining a remaining family member's right to succeed to Section 8 benefits. For the following reasons, we reverse the IAS Court's determination.

The IAS Court's reliance on *Braschi* was inappropriate in several ways. First, the homosexual couple in *Braschi* revealed to the relevant persons that they were a cohabiting couple, while Silver (and possibly Evans) actively concealed this fact from NYCHA.

Second, the Court of Appeals looked beyond the legal form to the actual facts of the couple's relationship mainly because, as a homosexual couple, they had no legal way to formalize their alleged marriage (*supra*, at 211). By contrast, it was not only possible but obligatory for Silver and Evans to disclose and attempt to certify their status as a family on the numerous family composition data forms submitted to NYCHA.

Finally, and perhaps most important, *Braschi* concerned succession rights to *possession* of the apartment under State law (*supra*, at 206), whereas the instant case concerns succession rights to *subsidies* under Federal law.

The IAS Court correctly stated that deliberate failure to list a family member on consecutive annual recertification forms is only one factor to be considered in determining whether that family member is entitled to succession rights to the Section 8 subsidy (*Garner v Popolizio*, 171 AD2d 539, 541). However, the court improperly directed that the rent subsidy be reinstated. Since Evans was not certified as a family member, NYCHA has discretion whether to grant him succession rights, based on his factual showing of occupancy and familial relationship to the deceased tenant of record. Mandamus is only appropriate to compel the performance of acts that involve no exercise of discretion on the part of the agency (*Matter of Chessin v New York City Conciliation & Appeals Bd.*, 100 AD2d 297, 302). Moreover, as NYCHA terminated Evans's subsidy based on his omission from the recertification forms, no hearing was held on the sufficiency of his proof of long-term residence and familial relationship to the deceased tenant, or any other factors concerning eligibility. Accordingly, we reverse the grant of mandamus and remand to NYCHA for an evidentiary hearing. Concur—Milonas, J. P., Rosenberger, Rubin, Williams and Colabella, JJ.