OPINION OF THE COURT
Per Curiam.
Final judgment, entered January 21, 2004, reversed, without costs, and final judgment of possession is granted in favor of respondent Knibb dismissing the petition.
The evidence plainly demonstrated, and the trial court expressly found, that respondent Knibb moved into the apartment premises to care for her infirm grandmother (the record tenant) in 1991 and continuously resided there as a primary resident until her grandmother’s death in December 1999, thus establishing respondent’s right to succeed to the rent-stabilized tenancy (see Rent Stabilization Code [9 NYCRR] § 2523.5 [b]). Nor was it shown, on this record, that respondent forfeited her succession rights otherwise firmly established by concealing her occupancy from petitioner for a two-year period following her grandmother’s death through the submission of renewal leases bearing her grandmother’s forged signature (cf. Garner v Popolizio, 171 AD2d 539 [1991]). In view of respondent’s persuasive showing of a long-term co-occupancy with her grandmother, as specifically found by the trial court, and the relatively short-lived duration of respondent’s misrepresentations, any fraud or irregularities committed in the aftermath of the grandmother’s death cannot reasonably be said to have caused petitioner any discernible prejudice in the prosecution of its eviction claim. Hughes v Lenox Hill Hosp. (226 AD2d 4 [1996], lv dismissed in part and denied in part 90 NY2d 829 [1997]), cited by the trial court in support of its conclusion that respondent waived her right to succession, is clearly distinguishable, since it involved a succession claim by a family member who for seven years “reside [d] somewhere other than the regulated housing accommodation and thus [made] no immediate use of the premises” (at 15).

 Garner v Popolizio (171 AD2d 539 [1st Dept 1991]), cited by the majority, is not to the contrary. There, the Appellate Division merely held that under the specific rules of the Housing Authority, Garner was entitled to a hearing at which his right to succeed to his deceased mother’s tenancy might be established, writing,
“We do not believe that any fraud or irregularity committed some months after the death of the tenant of record necessarily precludes a finding, within the meaning of the Housing Authority’s rules, that petitioner was ‘known’ as a resident of the premises by participation in project activities. If established, the fact that petitioner may have misrepresented his status and that of his deceased mother is, at most, only one factor to be considered in determining whether petitioner qualified as a remaining family member.” (Id. at 541.)