BPP ST Owner LLC, Plaintiff-Respondent, 
against
Edie S. Nichols, Respondent-Tenant, and Ian Nichols, Respondent-Occupant-Appellant.



Respondent Ian Nichols, as limited by the briefs, appeals from that portion of a final judgment of the Civil Court of the City of New York, New York County (Jack Stoller, J.), entered on or about December 4, 2017, after a nonjury trial, which awarded landlord possession against him in a holdover summary proceeding.




Per Curiam.
Final judgment (Jack Stoller, J.), entered on or about December 4, 2017, insofar as appealed from, reversed, with $30 costs, and final judgment directed in favor of respondent Ian Nichols dismissing the petition as against him. The Clerk is directed to enter judgment accordingly.
It is well established that, in the context of a nonjury trial, the trial court's fact-finding "should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of witnesses" (Thoreson v Penthouse Intl., Ltd., 80 NY2d 490, 495 [1992], quoting Claridge Gardens v Menotti, 160 AD2d 544, 544-545 [1990]). Although an appellate court enjoys a power to review the record as broad as that of a trial court, due regard must be given to the decision of the Trial Judge who was in a position to assess the evidence and the credibility of the witnesses (see Northern Westchester Professional Park Associates v Town of Bedford, 60 NY2d 492, 499 [1983]).
Upon our independent review of the record, we find no basis to disturb Civil Court's findings. In particular, the evidence showed that the disabled respondent-appellant, Ian Nichols, [*2]moved into the subject apartment in 1985 at the age of 15, with the rent stabilized tenant (his mother), has lived there ever since, and was declared to be occupant of the apartment on all available lease renewal documents executed by his mother. Landlord was clearly on notice of appellant's occupancy and, in addition, tenant made multiple requests to landlord to add her son to the lease. The evidence also showed that tenant stopped residing in the premises in 2003, but continued to sign renewal leases and pay rent.
The practical result of the trial court's detailed summary of the evidence, which we substantially adopt, is that respondent-appellant, as the son of the stabilized tenant, who resided in the apartment for some thirty years with the knowledge of landlord, including the requisite period prior to the permanent vacatur of his mother, is entitled to succession (see Rent Stabilization Code [9 NYCRR] § 2523.5[b][1]; see Wildwood Co., LP v De Bruin, 59 Misc 3d 127[A], 2018 NY Slip Op 50375[U][App Term, 1st Dept 2018]).
The Appellate Division, First Department, decision in Third Lenox Terrace Assoc. v Edwards, 91 AD3d 532 (2012)[FN1]
, does not require a different result in the circumstances here present. In that case, the stabilized tenant ceased living in the apartment in 1988, but continued to pay rent and execute renewal leases through November 2005. The Court held that "although the apartment was no longer her primary residence after 1998, [tenant], having continued to pay the rent and execute renewal leases extending through November 2005, cannot be found to have permanently vacated the apartment at any time prior to the expiration of the last lease renewal on November 30, 2005." As a result, tenant's sister, who sought succession rights, was required to show that "she co-occupied the subject apartment with [tenant from] 2003 to 2005," which she was unable to do since "[tenant] admittedly had been residing elsewhere since 1998." In our decision in Edwards, which the Appellate Division affirmed, we emphasized that "[r]espondent and tenant affirmatively misrepresented the fact that tenant no longer resided in the apartment for more than eight years and, by necessity, unduly prejudiced landlord in the prosecution of its eviction claim" (23 Misc 3d 126[A], 2009 NY Slip Op 50525[U] [App Term, 1st Dept 2009], affd 91 AD3d 532 [2012]).

Unlike Edwards, the record before us discloses no misrepresentation by respondent and tenant, or any prejudice to landlord. Respondent resided in the premises since the inception of the tenancy, landlord was aware of respondent's occupancy for many years, respondent was identified as an occupant on renewal leases, and tenant made repeated (unsuccessful) attempts to add him to the lease (see CDC E. 105th St. Realty LP v Cachola, 61 Misc 3d 133[A], 2018 NY Slip Op 51478[U][App Term, 1st Dept 2018]). Indeed, it is clear that respondent would have been entitled to succession if he had sought it immediately after his mother moved, and neither tenant nor respondent had anything to gain by representing that tenant was still residing there. In fact, tenant's continued visits to the apartment and payment of rent are consistent with her son's fragile health and inability to work, and her own new residence just blocks away. Proper [*3]application of the broad remedial purpose of the rent stabilization succession rule (see RSC § 2523.5[b][1]), i.e., to prevent displacement of family members who have been residing with tenants at housing accommodations for long periods of time (see Festa v Leshen, 145 AD2d 49 [1989]), cannot require the eviction of a disabled individual from his home of 33 years, because of the actions of his mother who attempted for years to secure succession rights for her vulnerable son, but was unable to navigate the "impenetrable thicket [of the rent laws], [which are] confusing not only to lay [persons] but to lawyers" (Matter of 89 Christopher v Joy, 35 NY2d 213 [1974]), particularly given the absence of any demonstrable prejudice to landlord (see 354 E. 66th St. Realty Corp. v Curry, 26 Misc 3d 130[A], 2010 NY Slip Op 50025[U] [App Term, 1st Dept 2010]; Riverton Assoc. v Knibb, 11 Misc 3d 14, 15 [App Term, 1st Dept 2005]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur

Decision Date: March 07, 2019



Footnotes

Footnote 1: Although the Appellate Division, Second Department, does not follow Edwards (see Matter of Jourdain v New York State Div. of Hous. & Community Renewal, 159 AD3d 41 [2018]), Edwards is still good law in this Department (but see Well Done Realty, LLC v Epps, 58 Misc 3d 160[A], 2018 NY Slip Op 50259[U] [App Term, 1st Dept 2018], lv granted 2018 NY Slip Op 78625[U] [App Div, 1st Dept 2018]).