Park Tower South Company, LLC, Petitioner-Landlord-Respondent, - 
against
Sarah Mandal, Respondent-Undertenant, - and - Abrahim Mandal, Respondent-Undertenant-Appellant, - and - "John Doe" and/or "Jane Doe," Respondents-Undertenants.



Respondent Abrahim Mandel appeals from an amended order of the Civil Court of the City of New York, New York County (Anne Katz, J., upon a decision of Laurie L. Lau, J.), entered on or about February 8, 2018, after a hearing, which granted landlord's motion for summary judgment of possession in a holdover summary proceeding.




Per Curiam.
Order (Anne Katz, J., upon a decision of Laurie L. Lau, J.), entered on or about February 8, 2018, reversed, with $10 costs, motion denied and matter remanded to Civil Court for further proceedings. 
The succession counterclaim of respondent Abrahim Mandal, the brother of the deceased stabilized tenant, should not have been summarily dismissed on petitioner's motion. While the record raises serious and troubling issues regarding the forgery of the tenant's signature on renewal leases after her death, respondent denies that he forged tenant's signature, or that he knew of or acquiesced in the forgery, thereby raising issues of credibility that were inappropriate for summary judgment treatment. Likewise, the record so far developed is insufficient to establish as a matter of law that respondent did not reside with his sister in the apartment for the requisite period immediately prior to her death (see 9 NYCRR 2523.5[b][1]), or that the forged renewal leases caused petitioner any discernible prejudice in the prosecution of its eviction claim [*2](compare South Pierre Assoc. v Mankowitz, 17 Misc 3d 53 [App Term, 1st Dept 2007]; Riverton Assoc. v Knibb, 11 Misc 3d 14 [App Term, 1st Dept 2005]). In the circumstances, respondent's succession claim should be resolved at trial, and not on a motion for summary judgment.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concurI concurI concur
Decision Date: April 05, 2019