OPINION OF THE COURT
Loren Baily-Schiffman, J.
Petitioner commenced the within squatter holdover proceeding seeking possession of apartment F-9 at 80 Greene Avenue, Brooklyn, New York. Petitioner alleges that respondent came into occupancy of the subject premises after the death of the tenant of record, Irene Reape, the respondent’s mother, and has no right to continued occupancy of the premises. Respondent alleges that he lived with his mother at the apartment* from the inception of the tenancy and had lived with her for several years prior to that time, thus entitling him to succeed to his mother’s tenancy. This matter was tried on March 19, 1999, March 29, 1999, April 15, 1999 and May 7, 1999. Both parties were represented by counsel. Posttrial motions were argued on May 20, 1999, written summations were presented and further posttrial submissions were made on the applicability to the instant proceeding of Matter of Evans v Franco (93 NY2d 823).
The basic factual issues to be determined after trial are whether the respondent resided with his mother in the subject apartment as a family unit for at least a one-year period prior to his mother’s death (NSA N. Flatbush Assocs. v Mackie, 166 Misc 2d 446, 453 [Civ Ct, Kings County 1995]), and whether the respondent is disabled. The legal issues to be determined are the legal effect of the annual recertification forms listing only Irene Reape as a member of the tenant family and the appropriate definition of “disabled” for the purposes of occupancy in a building housing elderly and disabled residents.
The apartment in question receives a “project-based” section 8 Federal subsidy in a building designed to house elderly and disabled residents. As such, the tenancy in question is governed by Federal regulation to the extent that there are applicable regulations. In the absence of relevant Federal law, State and local laws apply. (Morrisania II Assocs. v Harvey, 139 Misc 2d 651, 659 [Civ Ct, Bronx County 1988].) Here, State landlord/tenant laws apply as Federal law does not contain its own eviction procedure. The court then applies the succession *381 rules devised by State decisional law. (Morrisania II Assocs. v Harvey, supra.)
Since Morrisania (supra), the New York Court of Appeals in Braschi v Stahl Assocs. Co. (74 NY2d 201 [1989]) and Rent Stabilization Code (9 NYCRR) § 2523.5 (b) (1) have articulated and codified certain occupancy provisions related to succession rights: A member of tenant’s family, who has resided with the tenant, for not less than two years prior to the tenant’s vacating the housing accommodation, is entitled to succession rights. If the remaining family member is a disabled person (as Mr. Reape is alleged to be), he need only have resided in the housing accommodation as a primary resident with the tenant for at least one year. (Id.) Ordinarily, proof of residency in a succession case may be made by the testimony of friends and family, and need not rely on documentary evidence. (300 E. 34th St. Co. v Habeeb, 248 AD2d 50 [1st Dept 1997], supra; Lesser v Park 65 Realty Corp., 140 AD2d 169 [1st Dept 1988]; Matter of Rose Assocs. v State Div. of Hous. & Community Renewal, 121 AD2d 185 [1st Dept 1986].)
Disability Pursuant To Rent Stabilization Code
In determining whether the respondent is disabled, the court applies the New York City Rent Stabilization Code definition of a disabled person: “a person who has an impairment which results from anatomical, physiological or psychological conditions, other than addiction to alcohol, gambling or any controlled substance, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques, and which are expected to be permanent and which substantially limit one or more of such person’s major life activities.” (9 NYCRR 2523.5 [b] [4].) Respondent elicited testimony from Daniel Schweitzer, M.D., a vascular surgeon, that Mr. Reape had varicose veins that developed into severe ulcers on both legs, that the condition causes constant pain to Mr. Reape, that the condition is permanent and that it limits Mr. Reape’s ability to walk normally. Dr. Schweitzer based his testimony on a physical exam of Mr. Reape and a review of his medical records. Gilbert Reape also testified on the issue of his disability. He stated that he has “holes in his legs” that cause him constant pain and make it difficult for him to sleep. He also testified that he rides a bicycle because his legs hurt when he walks.
Based upon the testimony of Gilbert Reape and Dr. Daniel Schweitzer, the court finds that Gilbert Reape is disabled within the meaning of the Rent Stabilization Code. He *382 has a permanent physical condition, ulcers on his legs, which substantially limits his ability to walk normally. The court, therefore, concludes that in determining whether Gilbert Reape succeeds to his mother’s section 8 apartment, the court must consider whether Mr. Reape lived with his mother for a period of one year prior to his mother’s death.
Succession Rights
Typically, “no one factor is completely determinative with regard to whether a relative may succeed to the rights of a section 8 tenant when the tenant permanently vacates. What is dispositive is whether the respondent can make a showing, under the totality of the circumstances, that he lived with the deceased section 8 tenant as a family unit, and that it was for more than a short period of time.” (NSA N. Flatbush Assocs. v Mackie, 166 Misc 2d 446, 453 [Civ Ct, Kings County 1995], supra.)
After hearing testimony on behalf of both parties, the court concludes that the respondent did not reside in the premises for the one year preceding his mother’s death. The attorneys for both parties presented strong arguments indicating the bias or interest of many, if not most, of the witnesses who testified. The court concludes, however, that the witnesses without interest in the proceeding are also the witnesses who spent the most continuous time in the apartment during part of the time in question. Those witnesses are the home attendants whose job it was to take care of Irene Reape, the tenant of record.
The home attendants, Brenda Dryden and Sonia Jean Baptiste, worked from 9:00 a.m. to 9:00 p.m. Ms. Dryden worked on weekends and Ms. Sonia Jean Baptiste worked Mondays through Fridays. Ms. Dryden testified that she never saw the respondent, Gilbert Reape, and that the only family members who visited Ms. Reape were her grandchildren and a daughter. Ms. Sonia Jean Baptiste testified that Gilbert Reape visited his mother but that when she left the apartment at the end of her workday, Irene Reape was alone in the apartment. There was much testimony from other witnesses that Gilbert Reape traveled often by bicycle and kept his bicycle in the front hall of the apartment. The court is impressed by the testimony of the home attendants that they never saw Mr. Reape’s bicycle in the apartment.
Although respondent’s attorney attempted to demonstrate that Mr. Reape led an unusual life-style, where he spent most *383 of his waking hours outside his place of residence, there was insufficient evidence linking Mr. Reape to the apartment in question for the court to conclude that this was his place of residence. In particular, the court is troubled by Mr. Reape’s testimony that he resided with his mother during his marriage, sometimes with his wife and sometimes not and that he and his wife did not have a place where they regularly stayed together. The court is also concerned by the testimony that Mr. Reape never had a key to the front door of the subject building until his mother died and that he intentionally stayed out of the apartment when the home attendants were present.
The court is also troubled by the fact that Gilbert Reape was not listed as tenant or occupant of the premises on the original lease to the premises or on the subsequent 1997 recertification. While petitioner argues that the absence of Gilbert Reape’s name from the 1997 recertification form is dispositive of the issue of his residence in the apartment, relying on Matter of Evans v Franco (93 NY2d 823 [1999], supra), the court believes that the holding in Evans is distinguishable and declines to . base its opinion on that case.
The Evans case (supra) concerns rights of succession to a section 8 subsidy. The subsidy at issue was a “tenant-based” subsidy governed by 24 CFR part 982. The Court specifically stated that “[t]he issue is not whether the petitioner is entitled to continued possession of the premises under State law but whether he is entitled to the continuation of a subsidy under Federal law.” (Supra, at 824.) As distinguished from Evans, the case at bar concerns a “project-based” subsidy. However, the issue to be determined at trial is not continuation of the subsidy, but rather, continued rights to reside in the premises. The landlord has brought a squatter proceeding against the respondent asserting that respondent has no right to occupy the premises. The respondent’s defense to the squatter proceeding is that he is a family member of the deceased tenant of record who resided in the premises with the tenant for at least one year prior to her death and is, therefore, entitled to continued possession of the premises as a tenant. His entitlement to receive a subsidy is a separate issue that need not be decided by this court. The Evans case cites governing Federal regulations requiring the approval by the Housing Authority of the family composition of the apartment. The regulations cited are limited to tenant-based section 8 subsidies, those at issue in the Evans case. The cited regulations do not govern the project-based subsidy received by the tenant of record in the case at *384 bar. As there are no analogous Federal regulations governing project-based subsidies, the holding in Evans v Franco is not applicable to the determination of succession where a project-based subsidy is at issue.
In conclusion, the court finds that the respondent has failed to show, as a matter of fact, that he resided in the subject premises for at least a one-year period prior to the death of his mother, the tenant of record, and, therefore, he has not established any right to continued occupancy of the premises. The landlord is granted a judgment of possession, stayed for 20 days to permit respondent to find alternate housing.