OPINION OF THE COURT
Gary F. Marton, J.
The issue in this summary holdover proceeding is whether *344 respondent Rigoberto Jimenez may succeed to the possession of certain premises the rent for which is partially paid by a “project-based” section 8 federal subsidy.[1]
Petitioner alleges (1) that the tenant of record, Anita Caban, no longer occupies the apartment, (2) that in violation of the lease and applicable regulations, Caban assigned or sublet the apartment to Jimenez, (3) that Caban filed annual certifications of income and household composition that were materially false because they failed to list any other occupants of the apartment and their incomes, and (4) that Caban’s tenancy has been properly terminated and that Jimenez has no right to remain at the premises. Jimenez asserts (1) that he is Caban’s nephew, (2) that he lived with her from 1996 until she moved out in 2000, and (3) that as a result he is a remaining family member entitled to succeed to her possession of the apartment.
By counsel, Jimenez has moved for summary judgment dismissing this proceeding. Petitioner, also by counsel, by what is denominated a notice of motion, has cross-moved for a judgment of possession, rent arrears, and use and occupancy. Neither Caban nor any other respondent has appeared herein. As set forth below, petitioner’s motion is granted in part and respondent’s motion is denied.
It is undisputed that Caban became a tenant of the premises in 1980 pursuant to a written lease with petitioner and that she moved out on August 9, 2000. Jimenez asserts that in late 1996 he was evicted from his apartment in Brooklyn, New York, while he was hospitalized, and that upon his discharge in December 1996, having nowhere else to go other than a homeless shelter, he accepted Caban’s invitation to stay with her in her apartment. Jimenez alleges that he never told petitioner that he was living in the apartment because he feared that doing so would lead to their eviction. Jimenez alleges as well that he believes that Caban never told petitioner that Jimenez was living with her because she too believed that doing so would lead to their eviction.
*345 Petitioner denies that Jimenez lived in the premises before July 2000 and contends that he is not a remaining member of Caban’s family. This denial is supported by (a) an affidavit of one of petitioner’s employees, who states that since early in 1999, she has worked five days a week at the building in which the premises is located, that she is familiar with all of the occupants of the building, and that she never saw Jimenez before July 2000, and (b) Caban’s conceded failure, when filing required section 8 certifications, to list Jimenez as an occupant of the apartment.
It is also undisputed that Jimenez applied to the New York City Housing Authority (NYCHA) for an apartment. In the application, which is dated May 19, 1999, he states that he had been living in Caban’s apartment since November 1997. He also states that “Applicant sleeps on a couch in his aunt’s apartment. He cannot continue to stay there because the landlord is unaware that she has anyone staying there and he could be thrown out at any time,” and that “Applicant currently stays temporarily with his 76 year old aunt who is quite ill and has home care. He cannot continue to stay there and is in danger of being thrown out.”
Respondent’s Motion
Jimenez argues that an occupant of an apartment that receives a section 8 “project-based” subsidy may succeed to possession of the apartment upon the permanent departure of the tenant of record if, among other things, the occupant proves that he was a remaining member of the tenant’s family. Citing, among other cases, Greene Ave. Assoc. v Reape (182 Misc 2d 379 [Civ Ct, Kings County 1999]) and Tri-Block Assoc. v Reid (NYLJ, May 3, 2000, at 30, col 6 [Civ Ct, Kings County, Marton, J.]), Jimenez contends that the only issue is whether, under the totality of the circumstances, he lived with Caban as a family unit for more than a short period of time.
The court finds, assuming arguendo that respondent has invoked the applicable legal standard, that there is a disputed issue of material fact as to whether Jimenez met this test. On the moving papers, the trier of fact might find that Jimenez moved into Caban’s apartment in either December 1996, or in November 1997, or in July 2000. In addition, although Jimenez avers that Caban cooked, shopped, and cleaned for him, this allegation is set out in a conclusory manner and, more significantly, it does not establish that there was any interdependence between the two or that they were committed to each other. Jimenez does not assert that they shared household ex *346 penses, or that they intermingled their finances, or that they shared holidays or birthdays or anything else. The court finds that Jimenez has not established as a matter of law that he resided in the apartment for more than a short period of time as a member of Caban’s family.
Petitioner’s Cross Motion
Petitioner argues that even if Jimenez is Caban’s nephew and he lived with her as a family member from December 1996 until her departure, he cannot succeed to her possession of the apartment because she never listed him as an occupant on the certifications of household composition and income that she filed pursuant to section 8 requirements. Petitioner argues that by itself Caban’s failure to list Jimenez on the certifications is fatal to his claim, and that the decision in Matter of Evans v Franco (93 NY2d 823 [1999]) is on all fours here.
Evans was a CPLR article 78 proceeding. Louis Evans had lived for more than 20 years with Esther Silver in her apartment. She was the tenant of record and from 1978 until she died in 1995, Silver received a section 8 “tenant-based” rental subsidy. Upon her death, Evans applied to succeed to her subsidy on the ground that he was a remaining “family member.” NYCHA denied Evans’ application and the Court of Appeals upheld the denial. As framed by the Court, “[t]he issue is not whether the [occupant] is entitled to continued possession of the premises under State law but whether he is entitled to the continuation of a subsidy under Federal law” (Evans at 824). The Court held that since Silver had not listed Evans in the statutorily required certifications of income and household composition, and since she had not obtained the requisite approval to add him as a family member occupying the apartment, Evans could not succeed to the subsidy as a remaining family member. “On this record, it is clear that petitioner was never certified by the NYCHA as a family member. Given the 13 unequivocal annual statements by the deceased that she lived in the apartment alone, there is no basis on this record to conclude that petitioner is a family member or that a hearing is necessary to confirm his status. To permit [Evans] to claim status as a surviving family member would be to open the door to possible fraudulent claims and to a wholesale disregard of the intent of the subsidy program.” (At 825.)
Jimenez argues that Evans is inapposite because the issue there was whether Evans might succeed to the subsidy whereas the issue here is whether Jimenez may succeed to possession *347 of the apartment. Therefore, Jimenez contends, Caban’s failure to list him on the certifications of household income and composition does not automatically disqualify him from succession. Instead, he argues, this failure is only one factor to be considered in evaluating his claim to succession as a remaining member of Caban’s family.[2] Jimenez also urges that Evans is inapposite because it rests in large measure on an analysis of the definition of family composition set out in 24 CFR part 982, which governs “tenant-based” subsidies, while the definitions for “project-based” subsidies are set out elsewhere, i.e., in 24 CFR part 983. However, part 983 incorporates the definition at section 982.201 (c) on which the Evans Court relied. In pertinent part, 24 CFR 983.2 provides that “The following definitions apply to assistance subject to this part 983, in addition to the definitions in 24 CFR 982.4.” In turn, 24 CFR 982.4 (b) provides, in pertinent part, that the definition of the term “family” is: “A person or group of persons * * * approved to reside in a unit with assistance under the program. See discussion of family composition at § 982.201(c).” Thus, the definition of family composition at section 982.201 (c) on which the Evans Court relied is included in 24 CFR part 983.
At bottom, the flaw in Jimenez’ argument is that where a section 8 subsidy is “project-based” rather than “tenant-based,” the right to possession and the right to the subsidy cannot be *348 separated. Unlike the “tenant-based” subsidy, the “project-based” subsidy is not portable. The subsidy without possession would be meaningless and possession without the subsidy would ignore the statutory purpose.[3] As the two rights cannot be teased apart, the Court of Appeals’ holding that an unlisted, uncertified occupant cannot succeed to a section 8 subsidy compels the outcome here. Sympathetic as the court is to Jimenez’ unfortunate personal circumstances, since Jimenez cannot succeed to the subsidy, the court must hold that he cannot succeed to possession of the apartment.[4]
“The Section 8 program was established by the Federal Government and provides subsidies to lower income families in order that they may obtain adequate housing in the private sector (42 USC § 1437f).” (Evans at 824.) To hold that Jimenez might succeed to possession of the apartment, at a fair market rent but without any claim to the subsidy, would in effect remove the apartment from the section 8 program. In addition, to hold that Jimenez and those similarly situated might succeed to possession of such apartments would render toothless the statutory requirement[5] that tenants report household composition and income. Such a result would also significantly hamper landlords in both the exercise of their right and the fulfillment of their statutory duty to ensure that those to whom they rent section 8 subsidized apartments meet section 8 program standards. Further, to hold that Jimenez and those who are similarly situated might succeed to possession of such apartments would unfairly allow them to cut in line ahead of those who have spent many years on waiting lists hoping to become tenants of section 8 subsidized apartments. Finally, to permit Jimenez to claim status as a remaining family member “would be to open the door to possible fraudulent claims and to *349 a wholesale disregard of the intent of the subsidy program.” (Evans at 825.)
To prevail on a motion for summary judgment, a party must make a prima facie showing of its entitlement to the relief sought, regardless of whether the motion is opposed in whole, in part, or not at all. (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985].) Upon a review of the moving papers and the court file, including the affidavits of service for the petition, the notice of petition, the notice to cure, and the notice of termination, the court finds that petitioner has established only so much of its prima facie case as entitles petitioner to a judgment of possession.
Accordingly, respondent’s motion is denied and petitioner’s motion is granted to the extent of (a) striking Jimenez’ affirmative defense of a right to succeed to possession of the apartment, and (b) granting petitioner a judgment of possession against Jimenez and, on default, against all of the other respondents.

. Broadly speaking, under 42 USC § 1437 there are two types of section 8 rental subsidies. One is commonly referred to as “tenant-based” and the other is commonly referred to as “project-based.” The “tenant-based” subsidy is in essence a portable voucher which a tenant can use to pay some or all of the rent on any apartment, within certain limits, in the United States. The “project-based” subsidy is associated with a specific dwelling unit or building. It cannot be transferred and it can be claimed only by the tenant of the dwelling.

. Respondent urges that two post-Evans cases, Greene and Tri-Block (supra), support this analysis of Evans. Greene concerned a son’s claim to succeed to his mother’s “project-based” section 8 subsidized apartment. The son had not been listed in the certifications of income and household composition. After a trial, the court found that the son was not entitled to succeed to possession because he had not lived with his mother before her death for more than a short time as a family member. The court then went on to reject the landlord’s argument that Evans mandated a denial of the son’s claim to succession because the son had not been listed in the certifications. The court did not need to address this argument, and therefore the court’s discussion and rejection of it is dicta. This court respectfully declines to adopt the reasoning in this dicta. Tri-Block is easily distinguished from this case. There the minor children (actually, biological grandchildren of the deceased tenant, with whom they had resided for some nine years as foster children and thereafter for one year as adopted children before the tenant’s death) who claimed the right to succession had been listed in the certifications of income and household composition, albeit erroneously as foster children for the one year after they had been adopted. To the extent that Tri-Block states that Evans is inapposite in a case such as this and that unlisted occupants of apartments that receive “project-based” subsidies may succeed nonetheless to possession of the apartments, such statements are dicta which this court no longer finds persuasive. (Cf., Davidson 1992 Assoc. v Corbett, NYLJ, Feb. 21, 2001, at 25, col 6 [Civ Ct, Bronx County, Malatzky, JJ.)

. Furthermore, as a practical matter, differentiating here between the subsidy and possession of the apartment seems certain to be of no consequence. Jimenez states that he is unemployed, disabled, and has no income other than disability payments under Social Security. He does not contend that he can afford the apartment without the subsidy.

. Cf., Matter of Shuet Ying Gee v NYS Div. of Hous. & Community Renewal (276 AD2d 444 [1st Dept 2000]), where the court, albeit in dicta, stated that a daughter could not succeed to her dead mother’s apartment in a limited dividend housing company because the daughter was not listed on the required income affidavits that the mother had filed with the housing company. As a matter of law, the daughter would not be able to show that she had lived with her mother in the apartment as her primary residence for at least two years prior to her mother’s death, as required by statute, i.e., 9 NYCER 1727-8.2 (a) (5).

. 24 CFR 5.659 (b) (1), (2), (4).