Crotona Park Residences LLC v Elicier (2024 NY Slip Op 50606(U))

[*1]

Crotona Park Residences LLC v Elicier

2024 NY Slip Op 50606(U)

Decided on May 22, 2024

Civil Court Of The City Of New York, Bronx County

Tovar, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 22, 2024
Civil Court of the City of New York, Bronx County

Crotona Park Residences LLC, Petitioner-Landlord,

against
Rigoberto Elicier, "JOHN DOE" AND "JANE DOE", Respondents-Occupants.

L&T Index No. 302508-23

Gutman, Mintz, Baker & Sonnenfeldt, P.C.
By: Tamra Pelleman, Esq.
Attorney for Petitioner 
813 Jericho Turnpike 
New Hyde Park, New York 11040 
Mobilization for Justice, Inc. 
By: Tiffany A. Liston, Esq. 
Attorney for Respondent
100 William Street 
6th Floor
New York, New York 10038

Bryant Tovar, J.

Recitation, as required by C.P.L.R. § 2219(a), of the papers considered in review of this motion.
Papers Numbered
Notice of Motion and Affidavits Annexed 1,
Order to Show Cause and Affidavits Annexed
Answering Affidavits 2-4
Replying Affidavits 8-9
Exhibits
Other 5-7
After oral argument and upon the foregoing cited papers, the decision and order on this motion [*2]are as follows:
BACKGROUND & PROCEDURAL POSTURE
Crotona Park Residences LLC ("Petitioner") commenced this summary holdover proceeding against Rigoberto Elicier ("Respondent"), "John Doe," and "Jane Doe," alleging that the respondents are licensees who remain in possession of Apartment 1B ("subject premises") located within 1922 Crotona Parkway, Bronx, New York 10460 without the permission of the landlord. The thirty-day notice to vacate ("Termination Notice") dated June 28, 2022, expired on or before July 31, 2022. The petitioner and the respondent are both represented by counsel. John Doe and Jane Doe have not appeared in this proceeding.
The termination notice alleges in pertinent part that the respondents:
"entered into possession of the premises pursuant to a license granted by the preceding tenant of record, Priscilla Elicier who is deceased. The death of Priscilla Elicier terminated any license granted to you and /or others by operation of law.
PLEASE TAKE FURTHER NOTICE, that the prior tenant of record, Priscilla Elicier is deceased as of January 6, 2020. The Lease Agreement is between the landlord and the tenant has expired and your occupancy has continued without the consent or permission of the owner and/or Landlord and is prohibited by the Rent Stabilization Code and Law. The premises are subject to a tax credit pursuant to Section 42 of the Internal Revenue Service Code of 1986 as amended. The prior tenant received a Direct Shelter Allowance from the City of New York. The Shelter Allow was terminated as of September 2020."
(see NYSCEF #1, petition, pg. 7)
THE LAW AND IT'S APPLICATION
The issue before this court is whether the respondent's omission from the prior tenant's income recertification pursuant to the Federal Low-Income Housing Tax Credit (LIHTC) regulatory agreement bars succession when the respondent meets the requirements for succession under Rent Stabilization Code ("RSC") (9 NYCRR) § 2523.5(b).
The petitioner moves for summary judgment on the grounds that the respondent's omission from the prior tenant's income recertifications is fatal to the respondents' succession claim, arguing, the omission is in contradiction to the LIHTC regulatory agreement.
The respondent cross-moves for summary judgment and opposes on the grounds it is undisputed [FN1]
the respondent qualifies for succession under traditional rental stabilization, and compliance with the LIHTC regulatory agreement does not vitiate this right.
The respondent further argues that the petitioner has failed to establish its prima facie because it failed to submit evidence in admissible form and thus is not entitled to summary judgment.
Succession in a LIHTC Apartment
The respondent argues their absence from LIHTC income recertifications does not bar a [*3]subsequent claim for succession under the RSC. In support, the respondent cites Dumont Green LLC v. Paul (77 Misc 3d 1219(A) [Civ. Ct. Kings Cty. 2019]). In Dumont, analogous to the proceeding at bar, the petitioner/landlord sought to recover possession of a rent stabilized unit where the subject building and the unit in question were subject to a federal LIHTC program, [administered by] the New York City Department of Housing Preservation and Development ("DHPD"). The Dumont court found the absence of the respondent from income affidavits did not bar a succession claim. The Dumont court emphasized "succession rights alleviate the continuing and critical shortage of housing in New York City and prevent the grievous harm that would ensue from the wholesale eviction of family members which would otherwise be permitted" (see Dumont Green LLC v. Paul, 77 Misc 3d 1219(A) [Civ. Ct. Kings Cty. 2019] citing Festa v Leshen, 145 AD2d 49 [1st Dept 1989]). The Dumont court further noted "nothing contained in the LIHTC program that proscribes a right of succession or renders its application inconsistent with the program's own goals or regulations." Of note, the Petitioner in Dumont did not dispute that it can fully comply with the rules and regulations of both LIHTC and rent stabilization concurrently" Id.
Respondent cites several other cases in support of this argument, such as Los Tres Unidos Assocs. LP. V. Colon, (45 Misc 3d 129(A) [App. Term 1st Dep't 2014]) where the court held such a bar did not exist in a project-based Section 8 apartment); River Park Residences, L.P. v. Carter, (62 Misc 3d 1223(A) [Civ. Ct. Bronx Cty. 2019]) where the court held such a bar did not exist a limited-profit housing company supervised by the New York State Division of Housing and Community Renewal (DHCR) and Matter of Murphy v New York State Div. of Hous. and Community Renewal, (21 NY3d 649, 653 [2013]) where the New York Court of Appeals held that a successor's absence from an annual income affidavit did not create a categorical bar to their succession claim in the context of Mitchell-Lama housing. 
In opposition, the petitioner argues state law, specifically RSC§ 2523.5, should not preempt the federal regulations governing the subject premises. In support of this proposition, the petitioner cites Evans v Franco, (93 NY2d 823, 824 [1999]). In Evans, the Court denied an applicant succession to the prior tenant's section 8 benefits despite the applicant residing with the prior tenant for 20 years. The denial was premised on the applicant never appearing as a part of the household composition and the tenant of record maintaining she lived alone during her tenancy. Evans is distinguishable from the proceeding at bar. The issue in Evans was not whether the petitioner was entitled to continued possession of the premises under state law but whether he was entitled to the continuation of a subsidy under federal law. In contrast, the issue in this proceeding is whether the respondent is entitled to continued possession, not whether they are entitled to succeed to the LIHTC regulatory agreement.
In further support, the petitioner cites 328—36 West 53rd Street Redevelopment v. Kosciuczuk, (NYLJ 2/25/04, 27:1 [Civil Ct, NY Co]). In Kosciuczuk, a daughter moved into a project-based Section 8 unit to care for her ailing mother. She was never included in any income certifications and sought to succeed to the premises. The court held the occupant could not succeed to the apartment despite her proof of co-occupancy because she was never listed on the income certifications.
"The court discussed the policy reasons for such a result including the possibility of fraud and the fact that possession of the unit without the subsidy would in effect remove the premises from the Section 8 program because possession and the subsidy could not be [*4]"teased apart" (Id. at 27)".
(see Upaca Site 7 Assoc. v Crawford, 12 Misc 3d 1154(A) [Civ Ct 2006])
Critically, the Appellate Term, 1st Department rejected the Kosicuzuk's court's reasoning. In Amsterdam Avenue Housing Associates v Estate of Almeda Wells, (10 Misc 3d 142(A) [App Term 2006]), held that "the absence of [an occupant's] name on the family composition document was not fatal to her succession claim otherwise established by the trial evidence."
In the alternative, the petitioner argues this court should deny the respondent's succession rights on the grounds that doing so would put the building at risk of losing its tax credits and thus affect all of the tenants in the building. While unsupported by case law, the court finds this argument most compelling. As discussed in OLR, MM, LP v Bracero (43 Misc 3d 1215[A], 988 NYS2d 524 [Civ Ct Bronx County 2014]), the intent of the LIHTC program is to provide the private market with an incentive to invest in affordable rental housing (Internal Revenue Code (26 USC) § 42). To qualify, developers commit to set aside units according to a 20-50 or 40-60 test; that is, at least 20 percent of the units must be rent-restricted and occupied by households with incomes at or below 50 percent of the area median income ("AMI") or at least 40 percent of the units must be rent restricted and occupied by households with incomes at or below 60 percent of AMI (Internal Revenue Code (26 USC) §42[g][1][A] - [B]). Developers must further agree to operate under these rent and occupancy restrictions for at least 30 years (Internal Revenue Code (26 USC) § 42[h][6][D]; Internal Revenue Code (26 USC) § 42[i]).
To allow developers to meet these requirements, they are permitted to syndicate their tax credits to private investors who receive a dollar fordollar credit against their federal tax liability each year over 10 years (Internal Revenue Code (26 USC) § 42 [b][1][B]). The investors, in exchange, finance the project, thus reducing the developer's debt. The reduced debt allows the developer to offer lower, more affordable rents to qualifying tenants. Maximum unit rents for eligible tenants are set at 30% of either 50% or 60% of AMI (Internal Revenue Code (26 USC) § 42[g][2]) and are contained in a regulatory agreement between the developer and the allocation agency.
However, developers must certify their compliance with program requirements to remain eligible to receive tax credits. (Internal Revenue Code (26 USC) § 42 [l]; Internal Revenue Code (26 USC) § 1.42-5[c]). Non-compliant developers also face recapture of their tax credits (Internal Revenue Code (26 USC) § 42[j]). Among other things, developers must keep records of the annual income certification of each low-income tenant per unit and documentation to support each low-income tenant's income certification. (Internal Revenue Code (26 USC) § 1.42-5[b][1][vi] - [vii]; see also 21 NYCRR § 2188.7[f][4]-[5]; [10] - [11]). Developers must maintain these records for at least six years. (Internal Revenue Code (26 USC) §1.42-5[b][2]).
The petitioner insinuates the respondent's succession would lead to the building's noncompliance with the LIHTC regulatory agreement. However, the petitioner fails to provide a scintilla of evidence of what sanctions it would incur as a result of the subject premises no longer meeting the requirements of the LIHTC regulatory agreement.
As discussed in NSA 2015 Owner LLC v Brown, (65 Misc 3d 1204(A) [Civ. Ct. Bronx Cty. 2019]) the importance of LIHTC building is that "tax credits benefit rent-stabilized tenants who are income-eligible by allowing them to pay potentially less than rent stabilized rents but never having to pay more than those rents. As such, tax credits are fully compatible with the [*5]remedial aims of the RSL and RSC to preserve the affordable housing stock in New York City." (citing Manocherian v. Lenox Hill Hospital, 84 NY2d 385, 389 [1994]). As such, had the petitioner demonstrated evidence that the subject premises' noncompliance with the LIHTC regulatory agreement would lead to the entire building losing the benefit of LIHTC, the right to succession may have been barred.
Summary judgment is a drastic remedy that should be granted only if no triable issues of fact exist and the movant is entitled to judgment as a matter of law. (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see Andre v Pomeroy, 35 NY2d 361, 364 [1974]). The party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law and tender sufficient evidence in admissible form demonstrating the absence of material issues of fact. (see Winegrad v New York Univ. Med. Ctr., 64 N Y 2d 851, 853 [1985]; Civil Practice Law and Rules §3212 [b]). The failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers. (see Smalls v AJI Indus., Inc., 10 NY3d 733, 735 [2008]). Once a prima facie showing has is made by the moving party, however, "the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution." (see Giuffrida v Citibank Corp., 100 NY2d 72, 81 [2003]; see also Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; CPLR §3212 [b]).
When deciding a summary judgment motion, the court's role is solely to determine if any triable issues exist, not to determine the merits of any such issues. (see Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404 [1957]). The court must view the evidence in the light most favorable to the nonmoving party and give the nonmoving party the benefit of all reasonable inferences that can be drawn from the evidence. (see Negri v Stop & Shop, Inc., 65 NY2d 625, 626 [1985]). If there is any doubt as to the existence of a triable issue, summary judgment should be denied. (see Rotuba Extruders, Inc. v Ceppos, 46 NY2d 223, 231 [1978]).
In the proceeding at bar, as in Dumont, the petitioner fails to demonstrate that it cannot concurrently fully comply with the rules and regulations of both LIHTC and the RSC. Accordingly, the respondent's absence from the prior tenant's income affidavits does not bar the respondent's undisputed right to succeed to the subject premises under RSC§ 2523.5.
CONCLUSION
It is so ordered that the petitioner's motion for summary judgment is denied, and the respondent's cross-motion for summary judgment is granted. The court finds that the respondent is the successor to the prior tenant's tenancy. The petitioner's holdover proceeding is dismissed, and all other relief sought by the petitioner is denied as moot. This constitutes the Decision and Order of the court.
Dated: May 22, 2024
Hon. Bryant Tovar
Judge, Housing Part M

Footnotes

Footnote 1:See NYSCEF #17, respondent's exhibit A-B, pg.2, stipulation dated October 10, 2023, wherein the parties agree respondent qualifies for succession under state law/rent stabilized succession