OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division, insofar as appealed from, should be reversed, without costs, and the petition dismissed.
 

 
 *824
 
 The issue here is whether petitioner is entitled, to succeed to a housing subsidy as a surviving family member pursuant to Section 8 of the United States Housing Act of 1937. The Section 8 program was established by the Federal Government and provides subsidies to lower income families in order that they may obtain adequate housing in the private sector (42 USC § 1437f). The New York City Housing Authority (NYCHA) administers the program for the United States Department of Housing and Urban Development (24 CFR 982.151). NYCHA receives an application for Section 8 assistance from persons who are eligible, approves the application and issues a Certificate of Family Participation to the applicant. The approved applicant then seeks rental housing with maximum rentals and specified standards (24 CFR 982.302).
 

 The premises in question, a housing unit in a private building in Brooklyn, was occupied by Esther Silver for a number of years until her death in March 1995. Beginning in 1978, Silver received a Section 8 subsidy. Each year she completed a form which was submitted to the New York City Housing Authority, the agency that administered the Section 8 program for the Federal Government, stating that she was the sole occupant of her apartment and that, because of her income, she was qualified for Section 8 benefits.
 

 Following her death, petitioner sought to succeed to her housing subsidy on the basis that he was a family member who occupied the premises with the deceased for a number of years. NYCHA informed him that he could not succeed to the benefits as a remaining family member and, in 1995, terminated the subsidy. Petitioner then brought a CPLR article 78 proceeding seeking the continuation of the benefits. The Supreme Court determined that petitioner was a bona fide family member of the deceased who was entitled to succeed to Section 8 benefits. The Appellate Division reversed, remitting the case to the NYCHA for a hearing to determine whether petitioner is entitled to Section 8 benefits as a remaining family member.
 

 The resolution here is governed solely by Federal law. The issue is not whether the petitioner is entitled to continued possession of the premises under State law but whether he is entitled to the continuation of a subsidy under Federal law. Thus
 
 Garner v Popolizio
 
 (171 AD2d 539) has no application here.
 

 Federal regulations define a family as “a single person or a group of persons” (24 CFR 982.201 [c]). “The composition of the
 
 *825
 
 assisted family residing in the unit must be approved by the HA” (Housing Authority) (24 CPR 982.551 [h] [2]). “The family must request HA approval to add any other family member as an occupant of the unit. No other person * * * may reside in the unit”
 
 (id.).
 

 On this record, it is clear that petitioner was never certified by the NYCHA as a family member. Given the 13 unequivocal annual statements by the deceased that she lived in the apartment alone, there is no basis on this record to conclude that petitioner is a family member or that a hearing is necessary to confirm his status. To permit petitioner to claim status as a surviving family member would be to open the door to possible fraudulent claims and to a wholesale disregard of the intent of the subsidy program.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick, Wesley and Rosenblatt concur in memorandum.
 

 Order, insofar as appealed from, reversed, etc.