■ In the Matter of Shuet Ying Gee, Appellant, v NYS Division of Housing and Community Renewal et al., Respondents. [715 NYS2d 52] —Judgment, Supreme Court, New York County (Ronald Zweibel, J.), entered August 26, 1999, which denied petitioner's application to annul respondent Division of Housing and Community Renewal's (DHCR) determination denying petitioner's appeal from respondent limited dividend housing company's refusal to give petitioner a lease in her own name for a certain apartment, unanimously affirmed, without costs.

The application was properly denied upon petitioner's admissions that she is not a member of the tenant of record's family, did not reside with the tenant of record in the apartment as her primary residence for at least two years, and was never listed on the tenant of record's annual income affidavits or a notice of change to tenant's family (9 NYCRR 1727-8.3 [a]; 1727-8.2 [a]). To the extent that petitioner argues that such showings were not required since the right of succession she claims is not through the tenant of record, whose tenancy was "illusory", but rather her deceased mother, who became the actual tenant by reason of an illegal sublet from the tenant of record, such argument was never raised in the administrative proceeding before DHCR, and therefore may not be considered in this article 78 proceeding (*see, Matter of Muller v New York State Div. of Hous. & Community Renewal*, 263 AD2d 296, 307). In any event, it would not avail petitioner even if her claim of an illusory tenancy were deemed raised before DHCR. Assuming that the doctrine of illusory tenancy (*see, Primrose Mgt. Co. v Donahoe*, 253 AD2d 404, 405) would otherwise apply here, it remains that petitioner was never listed on any income affidavits filed with the housing development, including

those cosigned by her mother after petitioner allegedly moved in with her, nor on any notice of change to the tenant's family, at least one of which would be necessary to show that petitioner lived with her mother in the apartment as her primary residence for at least two years prior to her mother's death (9 NYCRR 1727-8.2 [a] [5]; *cf., Matter of Evans v Franco*, 93 NY2d 823, 825). In view of the foregoing, a hearing could not have availed petitioner. Concur—Nardelli, J. P., Williams, Mazzarelli, Andrias and Saxe, JJ.