*814 OPINION OF THE COURT
Per Curiam.
Appellant’s decedent was the tenant of record of a project-based section 8 housing unit. She commenced occupancy in the apartment as a home health care worker and was consistently identified on leases and annual income recertifications as a “live-in attendant.” While appellant claims to have enjoyed a personal relationship with the decedent, we agree that there is no basis for appellant to succeed to possession as a nontraditional family member under state law. Project-based subsidies remain with the unit when the tenant vacates, and vacancies are filled from a waiting list maintained by the regulatory agency (24 CFR 983.203 [c]). No approval was requested or obtained for appellant to reside in the premises as an additional family member (see, 24 CFR 982.551 [h] [2]; 983.1 [b] [1]), and HUD’s policies (see, 24 CFR 982.551 [h] [4]) do not recognize care attendants as family members for continued occupancy purposes. Under such circumstances, appellant is neither entitled to continuation of the section 8 subsidy (see, Matter of Evans v Franco, 93 NY2d 823) nor to the necessarily entwined benefit of successor occupancy.
McCooe, J.P., Gangel-Jacob and Suarez, JJ., concur.