■ In the Matter of Manhattan Plaza Associates, L.P., Appellant, v Department of Housing Preservation and Development of the City of New York, Respondent, et al., Respondents. [778 NYS2d 164]—

Order, Supreme Court, New York County (Rosalyn Richter, J.), entered March 8, 2004, which denied the petition brought pursuant to CPLR article 78 to annul a determination of respondent New York City Department of Housing Preservation and Development (DHPD), dated May 30, 2002, denying petitioner's application for a certificate of eviction for the individual respondents, unanimously affirmed, without costs.

Petitioner contends that the DHPD regulation which permitted a family member not listed on the annual certifications to rebut the presumption that he or she did not live in the apartment (former 28 RCNY 3-02 [p]), violated the purpose of the federal section 8 legislation (42 USC § 1437f), as interpreted by the Court of Appeals in *Matter of Evans v Franco* (93 NY2d 823 [1999]). We disagree. While *Evans* held that an agency was not required to hold a hearing to determine the status of a family member who was not listed on certification forms, it does not stand for the proposition that a state agency may never hold a hearing to permit an occupant to rebut the presumption arising by reason of not having been listed on the relevant certification forms. We note that the applicable federal regulations do not mandate any procedure with respect to eviction of tenants in section 8 housing (*see* 24 CFR part 983). The challenged regulation, which permits an applicant to establish that he or she is a bona fide family member entitled to succession rights, does not frustrate the purpose of section 8 law, which, by recognizing the entire family as the tenant (*see* 42 USC § 1437a), seeks to encourage family cohesion. Concur—Mazzarelli, J.P., Andrias, Sullivan, Lerner and Gonzalez, JJ. [*See* 3 Misc 3d 717.]