Suarez, P.J.
(dissenting). The issue on this appeal is whether appellant established her right to succeed to the rent-stabilized apartment of her grandmother. I agree with the trial court that she did not and would affirm the judgment in favor of landlord.
The right to succeed to a rent-stabilized tenancy is not automatic. The result imposed by the majority herein “would *16 be to open the door to possible fraudulent claims.” (Matter of Evans v Franco, 93 NY2d 823, 825 [1999]; see also Matter of Shuet Ying Gee v NYS Div. of Hous. & Community Renewal, 276 AD2d 444 [1st Dept 2000].) Deception and forgery should not be encouraged even where the motivation to deceive may be other than financial.' Contrary to the majority’s determination, Knibb did not establish her right to succeed to the rent-stabilized tenancy merely by proving that she moved into the apartment with her grandmother in 1991 and continuously resided there until her grandmother’s death in 1999. The Appellate Division has explicitly stated that “[i]n no manner do we suggest that the vesting of statutory succession rights is automatic upon the death of the named tenant; only that the right to be offered the renewal lease as a successor-in-interest arose because of the tenant’s death.” (245 Realty Assoc. v Sussis, 243 AD2d 29, 35 [1st Dept 1998] [emphasis supplied].) “[A] family member not named on the lease has only such right to the tenancy as conferred by the succession provision of the Rent Stabilization Code.” (Hughes v Lenox Hill Hosp., 226 AD2d 4, 13 [1st Dept 1996], lv dismissed in part and denied in part 90 NY2d 829 [1997].) Pursuant to Rent Stabilization Code (9 NYCRR) § 2523.5 (b) (1), where an offer is made to the tenant to renew the lease and the tenant is deceased, a member of the deceased tenant’s family is entitled to be named as a tenant on the renewal lease. A family member who remains in the apartment following the death of the named tenant will receive a renewal notice toward the end of the lease term, directed to the named tenant; she will then inform the landlord of the tenant’s death and her status as a family member; and, assuming there is no dispute regarding her status, the surviving family member will receive a renewal lease designating her as the tenant of record. (226 AD2d at 13-14.) The succession provision was *17 designed to prevent the harm that would ensue from the wholesale eviction of family members previously permitted. (See Sullivan v Brevard Assoc., 66 NY2d 489 [1985].) Rent Stabilization Code (9 NYCRR) § 2523.5 (b) spares family members the disruption of relocation at a time of emotional and possibly financial turmoil. (Hughes v Lenox Hill Hosp., supra, 226 AD2d at 15.) In reversing Civil Court, the majority transforms the right to be named as a tenant on the renewal lease to a requirement that the landlord recognize Knibb as a rent-stabilized tenant years after the “time of emotional and possibly financial turmoil.”
Knibb’s deceitful conduct herein, designated by the majority as “relatively short-lived,” consisted in not only intentionally shielding her presence in the apartment from the landlord for many years prior to her grandmother’s death, but also in forging her deceased grandmother’s signature on a renewal lease in May 2000 and on a second renewal lease two years later in May 2002. The deceit ceased only upon its discovery. While Knibb had a right to be named as a tenant on the renewal lease issued after her grandmother’s death (see Rent Stabilization Code [9 NYCRR] § 2523.5 [b] [1] [Code]), she failed to exercise that right. The Code does not prescribe that the right to be so named continues beyond the first renewal lease required to be offered by the landlord. Indeed, even a tenant who does not timely execute a renewal lease is subject to eviction. (See Rent Stabilization Code [9 NYCRR] § 2523.5 [c] [3].) Although Knibb asserted that her grandmother had instructed her to sign the grandmother’s name on renewal leases, and that she was merely following her grandmother’s instructions, by failing to notify the landlord of her grandmother’s death, Knibb obviously knew that she was engaged in a pattern of deception. The motive for her illegal conduct is not clear, but perhaps she was trying to avoid any obligation under the lease had she decided to vacate the apartment and live elsewhere. Under that circumstance, the estate of her grandmother would have been liable for the rent, not Knibb. (See 245 Realty Assoc. v Sussis, supra, 243 AD2d at 36.)
The integrity of the rent stabilization scheme is threatened not only by tenants who sublet at a profit (see e.g. Matter of 151-155 Atl. Ave. v Pendry, 308 AD2d 543 [2d Dept 2003]), but also by persons such as Knibb who rely on deception and forgery *18 to conceal their presence from landlords and assert succession rights when it suits their convenience.
The final judgment of possession in favor of the landlord should be affirmed, with costs.
Davis and Gangel-Jacob, JJ., concur. Suarez, EJ., dissents in a separate memorandum.