CDC East 105th Street Realty LP, Petitioner-Appellant,
against
Estelle Cachola, Respondent-Respondent.



Petitioner, as limited by its briefs, appeals from 1) that portion of an order of the Civil Court of the City of New York, New York County (John H. Stanley, J.), dated July 13, 2017, which granted respondent's motion for summary judgment dismissing the petition in a holdover summary proceeding and 2) an order (same court and Judge), dated November 29, 2017, which, in effect, granted reargument, and adhered to its original determination.




Per Curiam.
Orders (John H. Stanley, J.), dated, respectively, July 13, 2017 and November 29, 2017, insofar as appealed from, affirmed, with one bill of $10 costs.
We agree with Civil Court that respondent made a prima facie showing of entitlement to judgment as a matter of law on her claim that she is entitled to succession rights to the subject rent stabilized apartment premises previously occupied by the tenant of record, respondent's mother (see Wildwood Co., LP v DeBruin, 59 Misc 3d 127[A], 2018 NY Slip Op 50375[U] [App Term, 1st Dept 2018]; 354 E. 66th St. Realty Corp. v Curry, 26 Misc 3d 130[A], 2010 NY Slip Op 50025[U][App Term, 1st Dept 2010]). Respondent's evidentiary submission, largely uncontroverted by petitioner, conclusively demonstrated that she was the daughter of the deceased tenant and that she continuously resided in the apartment with her mother for at least three years prior to her mother's death in December 2015.
Respondent has also submitted proof indicating that she qualifies as a "disabled person" within the meaning of Rent Stabilization Code succession provisions (see 9 NYCRR § 2523.5[b][1], [4]). However, we need not reach the issue of whether her succession claim should be measured by the one-year co-occupancy requirement applicable to a disabled person, since the proof shows that she satisfied the two-year co-occupancy requirement applicable to a non-disabled person. 
In opposition to respondent's prima facie showing, petitioner failed to raise a triable issue of fact. Petitioner offered "nothing concrete or reliable" (Navarra v Levy, 214 AD2d 470, 471 [1995]) to dispute respondent's evidence that she left her upstate New York residence and relocated to the subject apartment, occupying it with her ailing mother for the requisite statutory period prior to her mother's death. Petitioner rests its opposition on the fact that respondent's [*2]mother, who suffered from Alzheimer's Disease, did not include respondent's name and SSI disability income on annual household composition and income declarations. However, such an omission by the deceased tenant is not dispositive of respondent's otherwise well documented succession claim (see 2013 Amsterdam Ave. Hous. Assoc. v Estate of Wells, 10 Misc 3d 142[A], 2006 NY Slip Op 50084[U] [App Term, 1st Dept 2006]; see also Matter of Murphy v New York State Div. of Hous. & Community Renewal, 21 NY3d 649 [2013]; Matter of Manhattan Plaza Assoc., L.P. v Department of Hous. Preserv. & Dev. of City of NY, 8 AD3d 111 [2004]), particularly given that petitioner was aware of respondent's occupancy and request to be added to the lease since April 2013.
To the extent that petitioner asserts that summary judgment was premature as discovery had not taken place, respondent correctly notes that petitioner had multiple opportunities, including two stipulated adjournments, to seek discovery in this matter and failed to do so (see Meath v Mishrick, 68 NY2d 992, 994 [1986]; Wildwood Co., LP v DeBruin, 59 Misc 3d 127[A]; see also Draper v Georgia Props., 94 NY2d 809 [1999]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 22, 2018