Matter of Maldanado v Crotona Place W. Hous. Dev. (2019 NY Slip Op 00361)





Matter of Maldanado v Crotona Place W. Hous. Dev.


2019 NY Slip Op 00361


Decided on January 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2019

Renwick, J.P., Manzanet-Daniels, Gische, Mazzarelli, Kahn, JJ.


8134 250739/15

[*1]In re Diamond Maldanado, Petitioner-Appellant,
v
Crotona Place West Housing Development, et al., Respondents-Respondents. Professor Paris R. Baldacci, Amicus Curiae


Marshall Green, The Legal Aid Society, Bronx (Matthew Tropp of counsel), and Paul, Weiss, Rifkind, Wharton & Garrison LLP, Washington, DC (Laurence Tai of the bar of the Commonwealth of Massachusetts and District of Columbia, admitted pro hac vice of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Lorenzo Di Silvio of counsel), for respondent.
Paris R. Baldacci, New York, amicus curiae pro se.



Judgment, Supreme Court, Bronx County (Howard H. Sherman, J.), entered May 4, 2017, denying the petition to annul a determination of respondent Department of Housing Preservation and Development (HPD), dated January 6, 2015, which denied petitioner's request for reinstatement of Section 8 subsidy benefits and an informal hearing, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously reversed, on the law, without costs, the determination annulled, the Section 8 voucher reinstated retroactive to date of termination, and the matter remanded for an informal hearing.
The twenty-five-year-old petitioner grew up with her mother in a housing development located in the Bronx where the family received a rent subsidy under the Housing Choice Voucher program administered by respondent City of New York Department of Housing Preservation & Development (HPD). After her mother died in September 2014, HPD terminated the voucher on the ground that petitioner's mother was the sole household member and denied petitioner an informal hearing. Petitioner claims that she had lived continuously in the apartment her entire life and was unaware the mother made efforts to remove her from the household.
The record reveals that, in 2013, the mother submitted a request to remove petitioner from the household (RRHM), including a "self-certification" countersigned by a HPD staff member that the mother did not know petitioner's whereabouts and therefore could not provide a new address. HPD subsequently added petitioner back to the household after it was unable to verify that she had left the household. The mother then submitted a second RRHM, and when HPD rejected the request for lack of proof that petitioner was no longer a household member, the mother simply submitted the same self-certification that HPD had previously found insufficient. In February 2014, the mother submitted the annual recertification and omitted petitioner. Based on the mother's report, the landlord, Crotona Place West Housing Development (CPW), also submitted a form letter to HPD stating that the mother was the sole household member.
In the meantime, HPD continued to receive printouts from the Supplemental Nutrition Assistance Program (SNAP) during this period, which indicated that there was no change in family composition, other than the brother's removal from the household to foster care. Significantly, a printout dated May 27, 2014 - several months after the mother's submission of [*2]the annual recertification - indicated that petitioner remained an active member of the household and was receiving benefits.
Under these circumstances, we agree with petitioner that HPD's determination to terminate the voucher was arbitrary and capricious. It is undisputed that, but for the mother's unverified claim that petitioner was no longer a member of the household, petitioner would have succession rights to Section 8 benefits. HPD's argument that it properly removed petitioner from the household after the mother submitted the self-certification is flatly contradicted by the record, which shows that HPD found the mother's self-certification insufficient. As such, to the extent HPD's determination was predicated on the mother's self-certification it was irrational because the agency failed to explain why it "reach[ed] a different result on essentially the same facts" (Matter of 20 Fifth Ave., LLC v New York State Div. of Hous. & Community Renewal, 109 AD3d 159, 163 [1st Dept 2013] [internal quotation marks omitted]).
HPD also failed to adequately address why it disregarded the SNAP printouts reflecting that petitioner remained an active household member as of May 2014, which, under the plain terms of its administrative plan, constituted a more reliable source of verification than the participant's claims (see NYC Dept of Housing Preservation and Development Housing Choice Voucher [Section 8] Administrative Plan, Section 6.1). Accordingly, we find HPD's determination to terminate the voucher arbitrary and capricious (see generally Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]).
That said, the mother's removal requests and 2014 annual recertification omitting petitioner created a presumption that petitioner moved out of the household (see Matter of Manhattan Plaza Assoc., L.P. v Department of Hous. Preserv. & Dev. of City of N.Y., 8 AD3d 111, 112 [1st Dept 2004]). Petitioner was entitled to an informal hearing on the issue so that she could have an opportunity to rebut this presumption (see id.). Accordingly, we vacate HPD's determination, reinstate the voucher retroactive to the date of termination, and remand the matter for an informal hearing on the issue of whether petitioner has succession rights to the mother's Section 8 benefits.
We have considered the remaining arguments and find them either unavailing or academic in light of our determination.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 17, 2019
CLERK