Emerald Lofts LLC. v Echevarria (2025 NY Slip Op 25131)

[*1]

Emerald Lofts LLC. v Echevarria

2025 NY Slip Op 25131

Decided on May 30, 2025

Civil Court Of The City Of New York, Kings County

Cohen, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on May 30, 2025
Civil Court of the City of New York, Kings County

Emerald Lofts LLC., Petitioner

against
Guadalupe Echevarria, Respondent, "Doe #1" and/or "Doe #2", Respondent(s)-Undertenant(s).

Index No. LT No. 320752-24

Hannah Cohen, J.

Recitation, as required by CPLR 2219(a), of the papers considered in the review of respondent's motion to dismiss pursuant to CPLR 3211(a)(1), (a)(7), and ensuing cross motion to amend and ensuing opposition and reply.
Papers Numbered
Notice of Motion 1
Cross Motion 2
Opposition/Reply 3
Upon the foregoing cited papers, the Decision and Order on this Motion is as follows:
Petitioner commenced this holdover proceeding in July 2024 after service of a 90 day notice of termination. Petitioner alleged that the premises is not subject to rent regulation as the building was built after 1974 and that there is no 421-A or J-51 tax abatement in place.
Respondent appears with counsel and moves pursuant to CPLR 3211(a)(1) and (7) to dismiss the proceedings as petitioner failed to assert why the premises is exempt from the Good Cause Eviction Law, herein ("GCEL") that went into effect on April 20, 2024. Respondent [*2]submits copies of certificate of occupancy and deeds for 347-A and 345-A which each contain 6 units and is owned by the same petitioner. As such, respondent argues that petitioner is not exempt from the Good Cause Eviction Law as a small landlord and has failed to articulate a permitted basis to commence a holdover proceeding per RPL 216. As petitioner has failed to state whether the premises is exempt from Good Cause Eviction Law, respondent seeks dismissal.
In opposition petitioner cross moves to amend the petition to state that the premises is not subject to the Good Cause Eviction Law pursuant to RPL 214(5) in that the respondent is a recipient of section 8 and as such, respondent is not covered by the Good Cause Eviction Law. Petitioner argues as well that as the termination notice was issued on March 22, 2024, three weeks before the GCEL went into effect for notices, the termination notice is sufficient and does not require any language as to GCEL. Petitioner concedes that the petition ad notice of petition does require notice as to whether the premises is covered or is exempt from the GCEL and seeks to amend the petition and notice of petition pursuant to CLR 2001 and 3025(b).
Respondent in opposition/reply argues that respondent who has section 8 through a housing voucher program, does not live in NYCHA or project based section 8 housing and is therefore not exempt from protection under the GCEL. Respondent notes that petitioner is not a small landlord with less than 10 units, and there is no valid cause to exempt respondent from the GCEL protections.
Courts have held that under a motion to dismiss pursuant to CPLR 3211(a)(1) dismissal is only warranted where the documentary evidence utterly refutes the plaintiff's factual allegations and conclusively establishes a defense as a matter of law (Goshen v Mut. Life Ins. Co. of NY, 98 NY2d 314 [2002]. The evidence must be unambiguous and of undisputed authenticity and resolve all factual issues as a matter of law (Fortis Fin Servs. v Fimat Futures USA, 290 AD2d 383 [A.D. 1st Dept 2002]. In seeking dismissal, the proffered documents must "utterly refute" the allegations in the plaintiff's complaint, "conclusively
On a motion to dismiss pursuant to CPLR 3211(a)(7) a court must determined whether accepting as true the factual allegations in the petition and according the plaintiffs the benefits of any favorable inferences, the plaintiff can succeed upon any reasonable views of the facts and whether the pleadings have a cause of action (See Rochdale Village Inc., v Zimmerman, 2 AD3d 827 [AD 2nd Dept 2003]). Additionally, the allegations in the pleadings cannot be vague or conclusory (see Stolanoff v Gahona, 248 AD2d 525 [AD 2nd Dept 1998]). The courts role in determining a motion to dismiss, is limited to determining whether the complaint state a cause of action (Frank v Daimler Chrysler Corp., 292 AD2d 118 [AD 1st Dept 2002]). The standard is not whether a party has artfully drafted the pleadings, but whether deeming the pleading to allege whatever can be reasonably implied for its statements, a cause of action may be sustained (Stending Inc. v Thom Rock Realty co., 163 AD2d 46 [AD 1st Dept 1990]). The pleading must be liberally construed and the court must accept the allegations as true, and if the allegations manifest any cognizable cause of action, the motion must be denied (See Fishberger v Vos, 51 AD3d 627 [2nd Dept 2008]).
GCEL RPL 214(5) states that no tenant may be evicted except for good cause except a "unit on or within a housing accommodation where such unit is otherwise subject to regulation of rent or evictions pursuant to local, state or federal law, rule or regulation."
Petitioner argues that as respondent is a recipient of section 8 and has an active voucher, her tenancy is exempt from the GCEL requirements. Respondent counters that although respondent has a portable housing voucher, her unit is not subject to any state or federal regulation and the mere fact that she receives a rental subsidy should not exempt her from GCEL protections.
For any eviction proceeding commenced on or after date that Good Cause Eviction Law (GCEL) was enacted, a petitioner must plead if the housing accommodation is subject to GCEL and, in the case of covered units, it must demonstrate a statutory good cause ground for removal. NY Real Property Law § 216; NY RPAPL § 741.New York's Good Cause Eviction Law (GCEL) was enacted on April 20, 2024 (L 2024, ch 56, part HH). The statute imposes several new notice provisions obligating landlords to state if the housing accommodations are subject to Good Cause in lease offers and pre-eviction notices (id. at §§ 2-5). While these notice requirements were not phased in until August 18, 2024, one hundred twenty days after the effective date of the statute (L 2024, ch 56, part HH, § 7(a)), the remaining portions of GCEL "take effect immediately and shall apply to actions and proceedings commenced on or after such effective date [April 20, 2024]" (L 2024, ch 56, part HH, § 7). This includes § 1 of GCEL, which adds Article 6-A to the Real Property Law (RPL) and provides that a GCEL-covered tenant can only be removed from possession based on one of the Good Cause grounds enumerated in RPL 216(1)(a)-(j). Thus, for any eviction proceeding commenced on or after April 20, 2024, a petitioner must plead if the housing accommodation is subject to GCEL (see RPAPL 741), and in the case of covered units it must demonstrate a Good Cause ground for removal (see RPL 216). See (QN St. Albans Holdings LLC v. Sands, 85 Misc 3d 275, 277, 219 N.Y.S.3d 856, 857—58 [NY Civ. Ct. 2024]).
GCEL, subject to certain exceptions, limits landlords from recovering possession of certain categories of apartments or housing accommodations except for good cause as defined by Real Property Law (hereinafter "RPL") § 216. (L 2024, ch 56, part HH, § 1). Section 3 of the statute which adds § 231-C to the RPL. (L 2024, ch 56, part HH, § 3). RPL § 231-C requires landlords "append to or incorporate into any ... petition pursuant to section seven hundred forty-one of the real property action and proceeding law" (hereinafter "RPAPL § 741") the notice to tenants regarding, inter alia, information as to whether a specific unit is subject to the GCEL. (L 2024, ch 56, part HH, § 3[1]). Section 5 of the GCEL amends § 741 to add two new subdivisions, 5-a and 5-b. (L 2024, ch 56, part HH, § 5) which require a landlord to "plead if the housing accommodation is subject to GCEL, (see RPAPL § 741), and in the case of covered units it must demonstrate a Good Cause ground for removal." (See RPL § 216; QN St. Albans Holdings LLC. v. Sands, 85 Misc 3d 275, 277-78, 219 N.Y.S.3d 856, 858 [Civ. Ct. Queens County 2024]).
Respondent seeks dismissal per 3211 (a)(1) (7) for failure to comply with GCEL requirements. Petitioner in response to respondent's motion to dismiss, cross-moved to amend their petition to comply with RPAPL § 741(5)(a) and (b). A party may seek leave to amend its pleadings at any time. (CPLR § 3025[b]). Permission to amend pleadings should be "freely given" absent prejudice or surprise resulting directly from the delay. (Edenwald Contracting Co., Inc. v. City of New York, 60 NY2d 957, 959 [1983], [quoting CPLR 3025(b)]; Lanpont v. Savvas Cab Corp., Inc., 244 AD2d 208, 664 N.Y.S.2d 285 [1st Dept. 1997] ["In the absence of surprise [*3]or prejudice, it is abuse of discretion, as a matter of law, for trial court to deny leave to amend answer during or even after trial"]). Herein, respondent fails to state any prejudice to respondent in petitioner's request to promptly amend the petition to comply with RPL 741(5)(a) and (b); RPL 214-216. Given that Petitioner has moved to amend their petition in an attempt to resolve all of the factual issues as a matter of law,and that the Court must deem the allegations of the petition as true and construe them in Petitioner's favor, affording Petitioner the benefit of "every reasonable inference," (Cortlandt St. Recovery Corp. v. Bonderman, 31 NY3d 30, 38, 73 N.Y.S.3d 95, 96 N.E.3d 191 [2018]), this Court finds that Respondent has failed to meet its burden seeking dismissal pursuant to CPLR 3211 (a)(1) and (7) as to the missing GCEL notice requirement.
Court will permit petitioner to amend the holdover petition to comply with Good Cause Eviction Law (GCEL) requiring petition to state whether premises were subject to GCEL and, if exempt, basis for exemption. Petitioner promptly cross moved to amend the petition after service of respondent's motion and respondent failed to show prejudice would be incurred by way of amendment. NY CPLR § 3025(b); NY RPAPL § 741(5)(a) and (b).See Lau v. Zheng, 225 N.Y.S.3d 854 (NY Civ. Ct. 2025);QN St. Albans Holdings LLC v. Sands, 85 Misc 3d 275, 219 N.Y.S.3d 856 (NY Civ. Ct. 2024). As such petitioners cross motion to amend the petition to add that the premises is exempt form GCEL due to respondent having a section 8 voucher is granted. The amended petition is deemed amended and served.
The court now looks to the amended petition and whether the petition now alleges a good cause to evict respondent from the premises. It is undisputed that respondent is a recipient of a "tenant-based" Section 8 subsidy—a voucher. Unlike a project-based subsidy, which is associated with a specific dwelling unit, a voucher is "portable," i.e., "a portable voucher which a tenant can use to pay rent on any apartment, within certain limits, in the United States." (Matter of Manhattan Plaza Assoc. v. Department of Hous. Preserv. & Dev. of City of New York, 3 Misc 3d 717, 718 n. 1, 779 N.Y.S.2d 740, affd 8 AD3d 111, 778 N.Y.S.2d 164.); Klein v. Rhea, 39 Misc 3d 1216(A), 975 N.Y.S.2d 366 (Sup. Ct. 2013). Courts have held that the Section 8 program is voluntary and that "state and local laws may properly provide additional protections for recipients of section 8 rent subsidies" and that those additional protections do not change the voluntary nature of a landlord's participation in the section 8 program. See Tapis v Successful Management Corp., 79 AD3d 422 [1st Dept 2010]; Kosoglyadov v 3130 Brighton Seventh LLC, 54 AD3d at 824 [AD 2nd Dept 2008]). Here, the mere fact that Section 8 NYCHA requires additional protections for the recipient of its voucher does not render the unit one that is a "unit on or within a housing accommodation where such unit is otherwise subject to regulation of rents or evictions pursuant to local, state or federal law, rule or regulation."[RPL 214(5)] as the participation in the section 8 program by a landlord is voluntary. The voucher is associated with the recipient of the voucher, not the unit. Here petitioner has failed to prove that a tenant who has a portable housing choice voucher which can be used in any apartment the respondent rents, makes the unit a "unit subject to regulation or rents or evictions pursuant to local, state or federal law, rule or regulation" under RPL 214(5). Respondent's portable voucher does not regulate the amount of rent which can be charged for the unit or dictate the terms of an eviction such as a unit within a HUD based section 8 building, NYCHA complex, HPD regulated housing or rent stabilized/ rent regulated units. The court concedes that with a NYCHA section 8 portable [*4]voucher, petitioner must adhere to certain notice requirements to NYCHA, however the rules regarding evictions or rents is determined by the type of unit, not the type of subsidy a tenant may have. Petitioner's arguments that the premises is exempt because respondent has a portable section 8 voucher lacks any basis in the law [RPL 214].
Based upon the foregoing, respondent's motion to dismiss, as petitioner is not a small landlord and has failed to prove the unit is not subject to GCEL on any other grounds, is granted.
Petitioner cross motion to amend is granted.
Respondent's motion to dismiss is granted.
This constitutes the decision and order of this court.
Dated: May 30, 2025
Brooklyn, New York
Hannah Cohen, J.H.C.