Twin Parks Owner LLC v McKenley (2025 NY Slip Op 51078(U))

[*1]

Twin Parks Owner LLC v McKenley

2025 NY Slip Op 51078(U)

Decided on July 7, 2025

Civil Court Of The City Of New York, Bronx County

Lutwak, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 7, 2025
Civil Court of the City of New York, Bronx County

Twin Parks Owner LLC, Petitioner/Landlord,

against
William McKenley — OCCUPANT "J. DOE" — OCCUPANT(S) 
 365 Ford Street, Apt. Wing C7J Bronx, New York 10457, Respondents.

Index No. LT-312073-21/BX

Attorney for Petitioner:
ARTHUR GREGORY MARIANO 
Firm Name:
GUTMAN MINTZ BAKER & SONNENFELDT L.L.P. 
Address:
813 Jericho Tpke, New Hyde Park, NY 11040 
Phone:
(516) 775-7007 
Service E-mail:
[email protected]
Other E-mails:
[email protected]
Attorney for Respondent William McKenley:
JORDAN RAY DEWBRE 
Firm Name:
NEIGHBORHOOD ASSOCIATION FOR INTER-CULTURAL AFFAIRS, INC. 
Address:
181 E 161st St., Lobby Office, Bronx, NY 10451 
Phone:
718-538-3344 ext 141 
Service E-mail:
[email protected]
Other E-mails:
[email protected]
[email protected]
Attorney for Respondent Isaiah McKenley (sued as "J Doe"):
BIJOUX STARRA SHAYER-ALTAMIRANO 
Firm Name: 
MOBILIZATION FOR JUSTICE 
Address:
100 William St Fl 6, New York, NY 10038 
Phone:
(212) 417-3700 
Service E-mail:
[email protected]

Diane E. Lutwak, J.

BACKGROUND
This is a licensee eviction proceeding commenced by Twin Parks Owner LLC (Petitioner) seeking to recover possession of Apartment Wing C7J at 365 Ford Street in the Bronx ("the premises", or "the apartment") from occupants William McKenley and Isaiah McKenley, the latter sued as "J. Doe" (Respondents). All parties are represented by counsel. The proceeding is based on the allegation that Respondents were the licensees of the now-deceased last tenant of record, Isaiah Coaxum, and their license has been terminated. The petition states that the premises are owned by the New York City Housing Authority (NYCHA), operated by Petitioner pursuant to a lease agreement under the "Rental Assistance Demonstration (RAD) Program", and subject to the "Section 8 Project-Based Voucher Program and the Low Income Housing Tax Credit Program administered by NY State HFA [Housing Finance Agency]". Both Respondents filed answers raising various defenses including succession rights. Following resolution of pre-trial motion practice, the case was transferred to a Trial Part on July 17, 2024. The trial took place on April 16, 2025 and May 2, 2025. Post-trial briefs were filed on June 23, 2025.
TRIAL
At the outset of the trial, counsel for all parties stipulated to the admission into evidence of Petitioner's Exhibits 1 through 5, Respondent William McKenley's Exhibits A through T, and Respondent "J. Doe" a/k/a Isaiah McKenley's Exhibits AA through EE. Petitioner presented the testimony of two witnesses: Tamara Jenkins, who works for NYCHA's Section 8 Program as a Housing Assistant, and Nancy Santiago, who works for Petitioner as Resident Manager of the premises. Petitioner asked the court to take judicial notice of documents in the court file: Notice of Petition; Petition; 30 Day Notice to Vacate; affidavit of service of the 30 Day Notice to Vacate alleging personal delivery to Respondent William McKenley and substitute service on Respondent "J. Doe"; affidavit of service of the Notice of Petition and Petition alleging conspicuous / "nail-and-mail" service on both Respondents. Each Respondent testified on their own behalf. Additional documents were admitted into evidence on consent during Respondent "J. Doe"/Isaiah McKenley's direct testimony as Exhibits FF, GG, HH, II, JJ, KK and LL; on cross-examination one additional document was admitted into evidence on consent as [*2]Petitioner's Exhibit 7 [FN1]
. The testimony of all four witnesses was credible.
Respondents do not dispute that Petitioner established the elements of its prima facie case, through its witnesses' testimony and the documents admitted into evidence on consent, including the response from NYCHA's Section 8 program to Petitioner's subpoena (Petitioner's Exhibit 5). The facts relevant to Respondents' respective succession defenses — the only defenses as to which evidence was presented and arguments made in the post-trial briefs - were also largely undisputed and clearly established through the witnesses' testimony and documents admitted into evidence on consent. Those facts are summarized as follows: 
The last tenant of record of the apartment was Isaiah Coaxum, who died on October 30, 2020. While the premises and Mr. Coaxum's tenancy originally were part of NYCHA's Section 9 public housing program, in 2018 NYCHA converted the premises and its tenants to a Section 8 project-based voucher program through the "PACT/RAD" (Permanent Affordability Commitment Together/Rental Assistance Demonstration) program. Mr. Coaxum signed a lease with Petitioner [FN2]
entitled "Residential Apartment Lease — Section 8 Voucher Assistance: Project Based — RAD Lease — Current Residents of Converting Public Housing Development". Accompanying that lease, inter alia, are forms listing Mr. Coaxum as the only member of the household, specifically a "Tenancy Addendum Section 8 Project-Based Voucher Program", NYCHA form # 059708, signed by Lakesha Miller, NYCHA's Vice President for Leased Housing, on October 1, 2018, and a "Section 8 Project-Based Voucher Program Statement of Family Responsibility", NYCHA form # 059.660, signed by Ms. Miller and Mr. Coaxum [FN3]
. Upon Mr. Coaxum's death, NYCHA terminated his Section 8 housing subsidy by notice dated January 11, 2021, effective October 31, 2020. 
Respondents William McKenley and Isaiah McKenley (sued as "J. Doe"), hereinafter referred to as William and Isaiah, are the sons of Isaiah Coaxum and Joyce McKenley. Respondent William, now aged 35, lived in the apartment first beginning when he was two years old, from 1992 to 1996, then as an adult from May 2011 to the present except for six months in 2023 when he temporarily relocated to Texas due to what he believed was a mold issue in the apartment, particularly in his bedroom, that was making him ill. Respondent Isaiah, now aged 40, has lived in the apartment from January 2011 to the present. Several years after Respondents' mother died, while the building was still in the "Section 9"/public housing program, Respondents' father submitted a Household Composition Form seeking to include Respondent Isaiah in his household. NYCHA date-stamped this form December 28, 2016, but it did not result in Respondent Isaiah being added to his father's household; Mr. Coaxum's NYCHA Section 8 file, produced in response to Petitioner's subpoena, contains no record of what happened to this request. 
Respondents' father did not include them on any other household composition, income certification or lease-related documents he completed and submitted to NYCHA and/or [*3]Petitioner. After his father died and NYCHA terminated the subsidy, Respondent Isaiah applied to NYCHA for reinstatement of his father's subsidy in his name; NYCHA denied this application by "Restoration Denial Letter" dated June 1, 2023, NYCHA form # 059.525, addressed to Isaiah Coaxum, with the stated reason: "Ineligible to Succeed Voucher". Respondent Isaiah filed a "Grievant Statement", NYCHA form # 059.850, dated June 28, 2024, challenging the denial of his request to succeed to his father's Section 8 subsidy. The outcome of this grievance is not documented in NYCHA's file produced in response to Petitioner's subpoena.
The parties' attorneys make the following arguments in their post-trial briefs:
Petitioner argues that it is entitled to a judgment of possession against Respondents under the Court of Appeals' holding in Evans v Franco (93 NY2d 823, 711 NE2d 261, 687 NYS2d 615 [1999]), which found that the partner of a Section 8 certificate holder was not entitled to succeed to the rent subsidy as a remaining family member because he had not been included on thirteen annual statements in which the subsidy holder had stated that she lived alone. Petitioner also cites to 328-36 West 53rd Street Redevelopment v Kosciuczuk (2004 NYLJ LEXIS 681, NYLJ 2/25/04, 27 [Civ Ct NY Co, HCJ Bedford]), in which the court applied Evans v Franco to the project-based Section 8 context and denied succession rights to the last tenant of record's daughter, who had not been included on any income certification documents. Petitioner argues that the income reporting requirements of the Section 8 program should be strictly enforced and succession rights denied where there has been a misrepresentation of household income, citing to Perez v Rhea (20 NY3d 399, 984 NE2d 925, 960 NYS2d 727 [2013]), in which NYCHA's termination of a public housing tenancy due to failure to disclose earnings was upheld and found not to be "so disproportionate to her misconduct as to shock the judicial conscience", and Lowery v Rhea (105 AD3d 522, 963 NYS2d 203 [1st Dep't 2013]), in which a tenant of a building that converted out of the "Mitchell-Lama" program was denied an "enhanced voucher" due to her misrepresentation of her income.
Respondent William McKenley argues that this proceeding should be dismissed as he is not a licensee but a remaining family member entitled to succeed to his father's project-based Section 8 tenancy and housing subsidy, even though he was not included on household income certification documents, citing to, inter alia, Manhattan Plaza Assocs, LP v Dep't of Hous Pres & Dev (8 AD3d 111, 778 NYS2d 164 [1st Dep't 2004]); 2013 Amsterdam Ave Hous Assoc v Estate of Almeda Wells (10 Misc 3d 142[A], 814 NYS2d 893 [App Term 1st Dep't 2006]); Bainbridge Cluster Assocs LP v Doe (2007 NYLJ LEXIS 2697 [Civ Ct Kings Co 2007]); and Morrisania II Assocs v Harvey (139 Misc 2d 651, 527 NYS2d 954 [Civ Ct NY Co 1988]).
Respondent Isaiah McKenley (sued as "J. Doe") argues that this proceeding should be dismissed as he is not a licensee but a remaining family member entitled to succeed to his father's project-based Section 8 tenancy, even though he was not included on household income certification documents, citing to, inter alia, Manhattan Plaza Assocs, LP v Dep't of Hous Pres & Dev (8 AD3d 111, 778 NYS2d 164 [1st Dep't 2004]); Los Tres Unidos Assocs, LP v Colon (45 Misc 3d 129[A], 3 NYS3d 285 [App Term 1st Dep't 2014]); 2013 Amsterdam Ave Hous Assoc v Estate of Almeda Wells (10 Misc 3d 142[A], 814 NYS2d 893 [App Term 1st Dep't 2006]); All Hous Assocs, LP v Garcia (53 Misc 3d 1215[A], 50 NYS3d 24 [Civ Ct Bx Co 2016]); Bainbridge Cluster Assocs LP v Doe (2007 NYLJ LEXIS 2697 [Civ Ct Kings Co 2007]); NSA N Flatbush Assocs v Mackie (166 Misc 2d 446, 632 NYS2d 388 [Civ Ct Kings Co 1995]); and Morrisania II Assocs v Harvey (139 Misc 2d 651, 527 NYS2d 954 [Civ Ct NY Co 1988]).
DISCUSSION
The question presented is whether the absence of Respondents' names on their father's family composition statements was fatal to their succession claims. That is, should this court follow Evans v Franco (93 NY2d 823, 711 NE2d 261, 687 NYS2d 615 [1999]), which denied a remaining family member's claim of succession rights to a NYCHA Section 8 certificate (the then-existing version of NYCHA's current Section 8 voucher program), or should the court follow Manhattan Plaza Assocs, LP v Dep't of Hous Pres & Dev (8 AD3d 111, 778 NYS2d 164 [1st Dep't 2004]); Los Tres Unidos Assocs, LP v Colon (45 Misc 3d 129[A], 3 NYS3d 285 [App Term 1st Dep't 2014]); 2013 Amsterdam Ave Hous Assoc v Estate of Almeda Wells (10 Misc 3d 142[A], 814 NYS2d 893 [App Term 1st Dep't 2006]), which granted remaining family members' claims of succession rights to project-based Section 8 apartments.
At issue here is not a NYCHA Section 8 portable certificate or voucher, as in Evans v Franco, supra, but a NYCHA Section 8 project-based subsidy, in a building owned by NYCHA and operated by Petitioner, a private entity, under the federal "PACT-RAD" program. This is clear from the petition, which states at paragraph 9: "The premises is not subject to the Rent Stabilization law of 1969, as amended, because it is owned by a Public Housing Authority (NYCHA) and operated by the Petitioner pursuant to a lease Agreement entered into under the Rental Assistance Demonstration (RAD) Program. The premises is now subject to the Section 8 Project-Based Voucher Program and the Low Income Housing Tax Credit Program administered by NY State HFA." [Emphasis added.]
On NYCHA's website, nyc.gov/site/nycha/about/pact.page, the "PACT-RAD" program is described as follows:
Developments selected to be a part of the Permanent Affordability Commitment Together (PACT) program will receive comprehensive renovations, enhanced property management, and expanded on-site social services.
Through PACT, developments will be included in the federal Rental Assistance Demonstration (RAD) and convert to a more stable, federally-funded program called Project-Based Section 8. This allows NYCHA to unlock funding to complete comprehensive repairs, while also ensuring homes remain permanently affordable and residents have the same basic rights as they possess in the public housing program.
PACT depends on partnerships with private and non-profit development partners, who will be selected based on resident input. Once the property is converted to Project-Based Section 8, NYCHA will lease the land and buildings to the development partners, who will conduct the repairs, serve as the new on-site property manager, and provide enhanced social services and community programs.
As the apartment at issue in this case is in a project-based Section 8 building, it is the cases cited above that analyze succession rights in this type of rent subsidy setting that apply, not the Evans v Franco standard applicable to portable Section 8 housing subsidies. In Los Tres Unidos Assocs, LP v Colon, supra, citing the Appellate Division's decision in Manhattan Plaza Assocs, LP v Dep't of Hous Pres & Dev (8 AD3d 111, 778 NYS2d 164 [1st Dep't 2004]), discussed in greater detail below, and its own prior decision in 2013 Amsterdam Ave Hous Assoc v Estate of Almeda Wells (10 Misc 3d 142[A], 814 NYS2d 893 [App Term 1st Dep't [*4]2006])(reversing lower court [FN4]
and finding respondent remaining family member "entitled to continuation of the 'project-based' Section 8 subsidy and the dismissal of the licensee holdover proceeding"), the Appellate Term, First Department upheld the trial court's decision dismissing a holdover proceeding against the son of the tenant of record in a Section 8 project-based apartment where it was undisputed that the son had lived with his mother for more than a decade prior to her death. The Appellate Term held, "Under such circumstances, respondent was entitled to continuation of the 'project-based' Section 8 subsidy. The absence of respondent's name on family composition statements was not fatal to his succession claim otherwise established by the trial evidence." 
At issue in Manhattan Plaza Assocs, LP v DHPD, the Appellate Division, First Department case cited in Los Tres Unidos Assocs, LP v Colon, was a landlord's challenge to a City agency's determination granting a remaining family member's claim to succession rights in a "Mitchell-Lama" building. The Appellate Division rejected the landlord's argument that the succession claim should be denied under Evans v Franco, noting that, "the applicable federal regulations do not mandate any procedure with respect to eviction of tenants in Section 8 housing (see 24 CFR part 983). The challenged regulation, which permits an applicant to establish that he or she is a bona fide family member entitled to succession rights does not frustrate the purpose of Section 8 law, which, by recognizing the entire family as the tenant (see 42 USC § 1437a), seeks to encourage family cohesion." (8 AD3d at 112, 778 NYS2d at 164-654). See also Matter of Maldonado v Crotona Place W Hous Dev (168 AD3d 524, 92 NYS3d 218 [1st Dep't 2019])(reversing lower court and remanding to DHPD for a hearing on a remaining family member's succession claim); 5th & 106th St Assocs LP v Montanez (2015 NY Slip Op 31876[U][Civ Ct NY Co 10/15/2015, HCJ S Kraus]).
Here, the undisputed, credible evidence at trial established unequivocally that Respondents are the sons of the last tenant of record, Isaiah Coaxum, and that they resided with him in the apartment from 2011 until his death in October 2020 and continuing to the present (except for six months in 2023 when Respondent William temporarily relocated to Texas). As in Los Unidos, supra, that Mr. Coaxum did not include his sons on his annual income recertification forms is not determinative of the outcome. As in Los Unidos, supra, under the circumstances presented, Respondents are "entitled to continuation of the 'project-based' Section 8 subsidy", and the absence of their names on family composition statements "is not fatal to [their] succession claim[s] that otherwise were established by the trial evidence."
CONCLUSION
Accordingly, it is hereby ORDERED that this proceeding is dismissed, with prejudice. This constitutes the Decision and Order of this Court, which is being uploaded on NYSCEF. Counsel should forthwith retrieve their trial exhibits from Part T/Room 410.
Diane E. Lutwak, HCJ
Dated: July 7, 2025
Bronx, New York

Footnotes

Footnote 1:A document marked for identification as Petitioner's Exhibit 6 was not offered or admitted into evidence.

Footnote 2:Petitioner's agent's signature is dated October 12, 2018; Mr. Coaxum's signature is undated.

Footnote 3:Ms. Miller's signature is dated October 1, 2018; Mr. Coaxum's signature is undated.

Footnote 4:The lower court's decision was issued by Housing Court Judge Bedford, and reversal by the Appellate Term, First Department occurred after Judge Bedford issued his unappealed decision in the older case Petitioner cited, 328-36 West 53rd Street Redevelopment v Kosciuczuk, supra.