1712-1715 HDFC, Inc. v Lambert (2025 NY Slip Op 51726(U))

[*1]

1712-1715 HDFC, Inc. v Lambert

2025 NY Slip Op 51726(U)

Decided on October 29, 2025

Civil Court Of The City Of New York, Bronx County

Donoghue, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 29, 2025
Civil Court of the City of New York, Bronx County

1712-1715 HDFC, Inc., Petitioner-Landlord,

against
Olga Lambert JOHN DOE JANE DOE, Respondent-Tenant

Index No. LT 339575-23/BX

Elizabeth Donoghue, J.

After trial, the decision and order is as follows:
In this licensee/squatter holdover proceeding, 1712-1715 HDFC, INC., ("petitioner") seeks possession of Apartment 5B, 1712 Longfellow Avenue, Bronx, New York, 10460 ("premises") from respondents OLGA LAMBERT, JOHN DOE, and JANE DOE ("respondents"). Respondent OLGA LAMBERT, the daughter of the prior tenant of record, BERMUDEZ, seeks succession rights in this HUD Project Based Section 8 building.
Procedural History
LAMBERT was served with a ten-day notice to vacate and the petition and notice of petition which alleges that respondent's license to occupy the premises was revoked and or that respondent has squatted upon the premises. §§ 713(3) and 713(7) of the Real Property Actions and Proceedings Law ("RPAPL")
A notice of appearance was filed for respondent on January 29, 2024 (NYSCEF No. 6). On February 15, 2024, the attorney interposed an answer alleging succession rights, (NYSCEF No. 7). Both parties amended their pleadings. (NYSCEF No. 11, 16). The amended petition alleges in pertinent part:
8. The subject building is subject to New York City Rent Stabilization Code and laws pursuant to Regulatory Agreement between Petitioner and New York City Housing Development Fund Corporation, dated June 28, 2012; and Regulatory Agreement between the City of New York and Petitioner, dated June 28, 2012. However, the subject building is currently exempt from rent stabilization protection as the premises is subject [*2]to the rules and regulations of the US Department of Housing and Urban Development (HUD). Yet, the Respondents are not protected by the rules and regulations of the US Dept of Housing and Urban Development (nor by Rent Stabilization code and laws), because there is no Landlord/Tenant relationship between the Landlord and the Occupants. [Emphasis added] NYSCEF No. 16)
The proposed amended answer states that the subject premises is subject to the Rent Stabilization Law as per the regulatory agreements (RJ, RK) (NYSCEF No. 11)
The Trial
The trial took place on July 10, 2025. The parties stipulated that LAMBERT is the daughter of the prior tenant of record BERMUDEZ, who died on June 18, 2020; and that that relevant period for respondent's succession was June 18, 2018, to June 18, 2020.
The parties [FN1]
introduced the following exhibits at trial:
For Petitioner:
Petitioner's 1: copy of the certified deed;
Petitioner's 2: copy of the certified owner information;
Petitioner's 3: last HUD recertification from TOR Bermudez dated September 1, 2019;
Petitioner's 4: 2018 rent calculation;
Petitioner's 5: 2019 rent calculation;
Petitioner's 6: 2019-2020 rent calculation;
Petitioner's 7: January 20, 2022, letter to apartment requesting to meet as to the apartment; and
Petitioner's 8: copy of airline ticket for Olga Lambert from Fort Lauderdale to New York on July 28, 2020.
For Respondent:
Respondent's A: Olga Lambert's birth certificate;
Respondent's B: Verona Bermudez's death certificate;
Respondent's C: copy of the expired photo ID[NYS Real ID]
Respondent's E: redacted tax transcripts for 2017;
Respondent's F: redacted tax transcripts for 2018;
Respondent's G: redacted tax transcripts for 2019;
Respondent's H: redacted tax transcripts for 2020;
Respondent's I: redacted tax transcripts for 2021;
Respondent's J: copy of regulatory Agreement with HPD;
Respondent's K: copy of Regulatory Agreement with HDC; and
Respondent's L: redacted copies of Summit House Health Care documents.
Testimony of two witnesses
Ms. Hall for Petitioner
On July 10, 2025, petitioner called Ms. Hall of Urban Hall Management ("UHM"), the manager of the building. She began working at the subject building in 2014 where she is on site every day. Her tasks include, among other things, overseeing inspections and work orders. She currently manages 4 buildings at UHM and employs staff including a recertification agent.
Part of Ms. Hall's job is to help people with recertification if needed. The witness recalled that BERMUDEZ did not complete or submitted her recertification paperwork in 2020. BERMUDEZ's home attendant was supposed to pick up the forms but did not. 
She recalled seeing BERMUDEZ twice in 2019 and once in 2020. BERMUDEZ never told her she lived with anyone. Ms. Hall did not recall any events of 2018. 
Ms. Hall testified that her recertification agent knows more about the process than she does.
Respondent Olga Lambert
Respondent LAMBERT testified that she has resided in apartment 5B, 1712 Longfellow Avenue, Bronx, New York, since May 1982. She currently lives with her brother. She previously lived with a younger sister, her mother and stepfather. Respondent's mother died in June 2020 at age 84. Respondent submitted tax returns, ID, banking and work records listing the subject premises as her address. (RC through RL). She testified that she shared utility expenses with her mother.
LAMBERT assisted her mother with annual recertifications by helping her collect paperwork, such as letters, and documents from the social security office, but she did not review or fill out the paperwork. She did not sign any recertifications from 1982 to 2019. LAMBERT did not know what her mother wrote on the 2018 and 2019 recertification forms. LAMBERT was listed on the 2020 recertification forms because of a policy change post-COVID, allowing care givers to be listed. She believed the 2020 recertification, with her name listed, was submitted before her mother died in 2020. 
LAMBERT testified that she first met Ms. Hall a few years ago. LAMBERT recalled producing copies of documents in 2018-2019, to Ms. Hall, showing her address was the subject apartment. LAMBERT testified that although she could not recall the names of the individuals she dealt with, she interacted with management as to removal/install of AC units, and a washing machine with the superintendent and other personnel, who no longer work at the building.
On rebuttal, Ms. Hall testified that she first met LAMBERT in 2020; she never saw her in the building before then. Ms. Hall relayed that Ms. LAMBERT told her she was at the apartment to bury her mother and asked how much time she had to move. Petitioner showed an airline ticket LAMBERT produced during that conversation, implying that LAMBERT flew in only for the funeral and did not permanently live in the apartment.
Discussion [FN2]
There is no dispute that petitioner established its prima facie case based on the exhibits [*3]stipulated to by the parties. As to respondent's succession defense, the parties stipulated that LAMBERT is a family member; and that the relevant years for co-occupancy are 2018-2020. The dispute presented at trial was whether LAMBERT can succeed to BERMUDEZ's apartment where BERMUDEZ did not include her on the family composition for the relevant years 2018, 2019 and 2020?
Petitioner asserts that LAMBERT cannot succeed to the apartment as a remaining family member based on Evans v Franco, 93 NY2d 823 (1999). In that case, a partner of a Section 8 certificate holder was not entitled to succeed to the rent subsidy because he had not been included in thirteen annual statements in which the subsidy holder had stated she lived alone.[FN3]

Respondent, conversely, argues that the failure to include LAMBERT's name on the recertification documents creates a rebuttable presumption, and that she should be given an opportunity to show succession by other indicia of occupancy. Manhattan Plaza Assoc., LP v Dep't of Hous Pres & Dev (8 AD3d 111 [1st Dept 2004]; 2013 Amsterdam Ave Hous Assoc v Estate of Almeda Wells, 910 Misc 3d 142[A] [App Term 1st Dep't 2006] 
As the parties concede, the cases go both ways.
In a recent case with similar facts, Judge Lutwak found that Evans did not apply to a HUD Project Based Section 8 unit operated pursuant to a "Rental Assistance Demonstration Program (PACT-RAD Program) receiving a Low-Income Tax Credit. Twin Parks Owner LLC v McKenley, 2025 NY Slip Op 51078(U) [86 Misc 3d 1231 (A)] As in this case, the putative successors were family of the tenant of record and were not listed on the family composition. Drawing a distinction between Section 8 portable subsidy and a Project Based Section 8 unit at hand in McKenley, the court determined there was a basis to continue the Section 8 subsidy for the tenant's sons, in the absence of their names on the family composition forms. Los Tres Unidos Assoc., LP v Colon, 45 Misc 3d 129[A], 3 NYS3d 285 [App Term 1st Dep't 2014].
The court particularly focuses on the trial evidence for the year 2019, as petitioner's witness could not recall the events of 2018 and BERMUDEZ died in 2020, never completing the recertification.
At trial, respondent provided documentary proof of her residence from 2017 to 2020 including tax transcripts, banking, and work documents. LAMBERT testified that although she did not recall their names, she recollected specific interactions with building staff to address apartment issues.
Respondent's case was largely unrefuted. Petitioner's testimony that she visited BERMUDEZ twice in 2019 and once in 2020 and that BERMUDEZ did not say she lived with anyone, is insufficient to refute the weight of respondent's evidence (RC-RI). Petitoner's agent's conversation with LAMBERT in 2020 that she was there to bury her mother is, also, insufficient to refute the evidence in the record. That conversation happened in response to management's letter to relinquish the unit or be subject to legal action. (P7) 
Finally, no evidence of an alternative residence for LAMBERT was introduced.
[*4]Conclusion
After trial, it is hereby
ORDERED, respondent prevailed on her defense of succession; and
The case is dismissed, with prejudice.
The parties are directed to retrieve their trial exhibits from Part S, Room 320.
This constitutes the decision and order of this Court.
Dated: October 29, 2025
Bronx, New York

Footnotes

Footnote 1:On May 20, 2025, and July 10, 2025, the parties stipulated to the admission of most of the trial exhibits (NYSCEF No. 21, 31)

Footnote 2:Respondent urges the court to analyze respondent's succession claim in the context of RSC, namely 9 NYCRR 2523.5(b), where no annual certifications are required for a succession analysis. While the RSC does not require annual certifications, the parties do not dispute that the regulatory agreements in this case require tenants to verify their income in a manner consistent with Section 8 of the United States Housing Act of 1937.

Footnote 3:Petitioner cites a trial case which applied that holding to a Section 8 Project Based unit, 328-36 West 53rd Street Redevelopment v Kosciuczuk (2004 NYLJ LEXIS 681 [Civ Ct. NY Co., HCJ Bedford]. This court finds the argument to be unavailing, based on analysis of Judge Lutwak in Twin Parks Owner LLC v McKenley, 2025 NY Slip Op 51078(U) [86 Misc 3d 1231 (A)] footnote 4.